Wilson BREAKFIELD, Jr. *v.* STATE of Arkansas

CR 77-231                                    566 S.W. 2d 729

Opinion delivered May 1, 1978
(Division II)
[Rehearing denied July 3, 1978.]

*Kearney & Kearney,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. We reverse this criminal case because there is no substantial evidence to support the

conviction of Wilson Breakfield, Jr., for interfering with a police officer in the performance of his duties. Breakfield argues, among other things, that there is insufficient evidence to support his conviction on this charge, and we must agree. It appears the state simply charged Breakfield with the wrong offense.

Breakfield's brother had been arrested by the Lewisville City Marshal, Victor Knight, and placed in the Lafayette County jail. Within minutes after Breakfield's brother was placed in jail, Breakfield went to the jail to see his brother. There were three police officers in the office at that time: Knight; the Chief of Police of Waldo, Arkansas; and an Arkansas state policeman. According to the Waldo Chief of Police, Breakfield said, "Why did you arrest my brother?" Knight replied, "How old is your brother?" Breakfield said, "Twenty-two or twenty-three." Knight said, "Well, your brother is old enough to speak for himself. That is all I have got to say. You can leave."

Breakfield testified that when he was told to leave he left without causing any trouble. Knight testified that he had to order Breakfield to leave the office and when Breakfield refused he was informed that he was under arrest for disorderly conduct. Knight said that he could not effect an arrest; Breakfield had left the office and it was necessary to pursue him. Outside the office Breakfield and Knight had another encounter. According to Knight he told Breakfield he was under arrest and Breakfield put his hand in his rear pocket stating that he would kill him. This statement was apparently not heard by the other two officers. Knight wrestled with Breakfield and finally Breakfield was subdued with the assistance of the other officers. Breakfield was charged with violation of Ark. Stat. Ann. § 41-2804 (Repl. 1977), interference with a police officer performing his official duties.

The new criminal code also has a provision for resisting arrest. Ark. Stat. Ann. § 41-2803 (Repl. 1977). Before the adoption of the new criminal code there was no statute defining resisting arrest, as such. Such misconduct was usually charged under statutes defining obstructing or resisting an officer, assaulting an officer or threatening an officer. See Commentary to Ark. Stat. Ann. § 41-2803.

A study of these statutes and their commentaries indicates that ordinarily one charged with violating Ark. Stat. Ann. § 41-2804, interfering with a police officer in the performance of his duties, would not apply to the situation before us. The only evidence of Breakfield's guilt of such misconduct would be a statement by Officer Knight. Knight testified that at the time Breakfield entered the jail:

> I was just before attempting to interview the complainants. They were inside the office, or was coming in.

The state argues that this was sufficient evidence to support a finding that Knight was performing an official duty. We cannot agree.

Criminal statutes must be strictly construed with doubts being resolved in favor of the defendant. *Rowland* v. *State*, 255 Ark. 215, 499 S.W. 2d 623 (1973). Applying this standard to this case and considering the evidence, we do not find substantial evidence to support the conviction of Breakfield for interfering with a police officer in the performance of his duties. Breakfield should have been charged with resisting arrest, or disorderly conduct, or both. However, those charges are not before us.

Reversed and remanded.

We agree: HARRIS, C.J., and BYRD and HOWARD, JJ.