Randy BOCKSNICK *v.* STATE of Arkansas

CA CR 79-83                               595 S.W. 2d 227

Opinion delivered November 7, 1979
Rehearing denied December 12, 1979
Affirmed by Supreme Court February 11, 1980
Released for publication March 17, 1980

*Robert Irwin*, for appellant.

*Steve Clark*, Atty. Gen., by: *Catherine Anderson*, Asst. Atty. Gen., for appellee.

GEORGE HOWARD, JR., Judge. The appellant was acquitted, by a jury, of aggravated robbery, but was found guilty of interfering with a law enforcement officer. Appellant received a five-year term to the Arkansas Department of Correction and a fine of $1,000.00.

For reversal, appellant claims his conviction is not supported by substantial evidence.

The facts are: Appellant was observed by Officer L. V. Collins, City Marshal of London, carrying a 30-30 rifle and refused to surrender the rifle to Officer Collins. Appellant directed Officer Collins to stand back or appellant would kill him. Appellant proceeded to a local grocery store and at-

tempted to obtain ammunition which served as the basis for the aggravated robbery charge.

Subsequently, two Pope County Deputy Sheriffs who had been summoned by Officer Collins to assist him were fired upon by appellant when the deputy sheriffs approached appellant and ordered him to surrender. The refusal of the appellant to submit either to the demands of Officer Collins as well as the deputy sheriffs constitutes the basis of the charge of interfering with a law enforcement officer.

It is undisputed that neither Officer Collins, nor the deputy sheriffs were seeking to serve any legal processes upon anyone, not even appellant, but their prime concern was to induce the appellant to surrender his rifle and to submit to arrest.

The applicable statute provides:

A person commits the offense of interference with a law enforcement officer if he knowingly employs or threatens to employ physical force against a law enforcement officer engaged in performing his official duties.

We are persuaded that *Breakfield* v. *State*, 263 Ark. 398, 566 S.W. 2d 729 (1978) is dispositive of the issue before us. The Arkansas Supreme Court said in *Breakfield:*

Criminal statutes must be strictly construed with doubts being resolved in favor of the defendant . . . Applying this standard to this case and considering the evidence, we do not find substantial evidence to support the conviction of Breakfield for interfering with a police officer in the performance of his duties. Breakfield should have been charged with resisting arrest, or disorderly conduct, or both. However, those charges are not before us.

Reversed and remanded.

WRIGHT, C. J., and HAYS, J., dissenting.

ERNIE E. WRIGHT, Chief Judge, dissenting. The majority have concluded *Breakfield* v. *State*, 263 Ark. 398, 566 S.W. 2d 729 (1978) mandates a reversal of the judgment convicting appellant of Ark. Stat. Ann. § 41-2804. I respectfully dis-

agree. In *Breakfield* the officer was attempting to arrest the accused after the officer requested the accused to leave his office and accused declined to leave. Thereafter, accused left and the officer pursued him outside and the accused threatened to kill the officer. After a scuffle the officer subdued and arrested the accused.

The only evidence that the accused interfered with the officer in the performance of his duties was the statement of the officer that, "I was just before attempting to interview the complainants. They were inside the office or were coming in." The court on appeal held this was not substantial evidence to support the conviction for interfering with a police officer engaged in performing his official duties.

In the present case the officer had information appellant had been involved in some trouble and started looking for him. Earlier in the day he had driven appellant home and appellant had the smell of alcohol. He saw appellant coming across the tracks with a 30-30 rifle in his hand. The officer approached appellant and said, "Randy, let me have the gun." Appellant put the gun to the officer's chest and said, "Back up . . . back up, I will kill you." The accused then ran and was later arrested with the help of other officers.

Under the circumstances here, the officer was engaged in performing his official duties in conserving the peace. Given the circumstances that appellant had been driven home smelling of alcohol, that the officer had received a report that he was involved in some kind of disturbance, and finding the appellant with the 30-30 rifle, the officer was acting properly in the discharge of his duties when he asked appellant to surrender the 30-30 rifle. The officer was justified in concluding appellant was involved in disorderly conduct under Ark. Stat. Ann. § 41-2908(1)(g) when he requested appellant to surrender his gun. This section provides the purposeful creation of a hazardous condition to cause alarm is disorderly conduct. The response to the officer's reasonable request in the line of duty was a threat to kill the officer.

Appellant did not deny officer's testimony.

I would affirm. I am authorized to say Judge Hays joins in this dissent.