STATE of Arkansas *v.* Randy BOCKSNICK

CR 79-214                                    593 S.W. 2d 176
Supreme Court of Arkansas
Opinion delivered February 11, 1980

*Steve Clark,* Atty. Gen., by: *Catherine Anderson,* Asst. Atty. Gen., for petitioner.

*Robert E. Irwin,* for respondent.

FRANK HOLT, Justice. A jury found respondent not guilty of aggravated robbery (Ark. Stat. Ann. § 41-2102 [Repl. 1977]) and guilty of interference with a law enforcement officer (Ark. Stat. Ann. § 41-2804 [Repl. 1977]). His punishment was assessed at 5 years' imprisonment and a fine of $1,-000. The Court of Appeals reversed his conviction on the ground that it was not supported by substantial evidence. We granted certiorari. See Ark. Stat. Ann. Vol. 3A, Rules of the Supreme Court, Rule 29, 6 and 4b, (Repl. 1977). The thrust of respondent's argument is that even though he may have committed some criminal offense, his conduct did not constitute a violation of § 41-2804, which provides:

> (1) A person commits the offense of interference with a law enforcement officer if he knowingly employs or threatens to employ physical force against a law enforcement officer engaged in performing his official duties.

The state argues that the evidence required by this statute has been fully met and the existence of other statutes, such as resisting arrest, does not preclude applicability of this statute.

The facts surrounding the incidents which led to the filing of the charges are not in dispute. When the city marshal, who knew respondent, first saw him, he smelled of alcohol. He placed the respondent in his patrol car and drove him to respondent's parents' house but did not attempt to place him under arrest. Later that evening, the marshal saw the respondent carrying a rifle and demanded he surrender it. The marshal suspected that the respondent had been involved in an incident at a local trailer park and wanted to prevent the respondent from returning there. The respondent refused to surrender the rifle and threatened to kill the marshal if he did

not stand back. The marshall made no attempt to arrest or detain the respondent. Local officers responded to the marshal's call for assistance. In the meantime, the respondent proceeded to a nearby grocery store and attempted to obtain some rifle ammunition. This incident, of which the officers were unaware, resulted in the aggravated robbery charge. By the time the other officers arrived, respondent had moved into a wooded area. When they ordered him to surrender, he fired two shots at them. Respondent's refusal to comply with the officers' order, the threat to kill the marshal and the firing of the shots led to the filing of the charge of interference with a law enforcement officer.

We find, as did the Court of Appeals, that *Breakfield* v. *State,* 263 Ark. 398, 566 S.W. 2d 729 (1978), is dispositive of the issue here. There the only evidence that the officer was in the performance of his official duties was his statement that, at the time the offender entered the jail, he was "attempting to interview the complainants" in connection with an offense allegedly committed by the offender's brother. Upon resisting arrest, a physical encounter, accompanied by the offender's threat to kill, followed outside the jail before the offender was subdued. We held this evidence insufficient to support a conviction for interfering with a police officer in the performance of his duties and that the offender should have been charged with resisting arrest or disorderly conduct, or both. There we noted no statute existed defining resisting arrest before the recent adoption of the new criminal code. Ark. Stat. Ann. § 41-2803 (Repl. 1977) supplies this deficiency and reads in pertinent part:

> (1) A person commits the offense of resisting arrest if he knowingly resists a person known by him to be a law enforcement officer effecting an arrest.
> (2) 'Resists,' as used in this section, means using or threatening to use physical force or any other means that creates a substantial risk of physical injury to any person.

Clearly, this statute prohibits resisting arrest. The next section, § 41-2804, *supra,* addresses a different subject by proscribing *interference* with an officer who is performing his

official duties. Here, there was no evidence that the officers were performing any duty other than effecting respondent's arrest. We have long recognized, as stated in *Breakfield,* that penal statutes must be strictly construed. Therefore, we think the legislature did not intend that § 41-2804 would be applicable when one, as here, resists his arrest. Consequently, we do not find substantial evidence to support a conviction of the respondent for interfering with a police officer in the performance of his duties. Therefore, we affirm the Court of Appeals' reversal of respondent's conviction.

FOGLEMAN, C.J., and STROUD, J., concur.

JOHN A. FOGLEMAN, Chief Justice, concurring. I concur simply because of the decision in *Breakfield* v. *State,* 263 Ark. 398, 566 S.W. 2d 729, even though it is my opinion that *Breakfield* was wrongly decided. The idea that the same act cannot constitute a violation of two different statutes is a strange one and I trust that this theory will not be followed in treating other sections of the Criminal Code. The fact that one could be charged with resisting arrest does not mean that he could not be charged with interfering with an officer in the performance of his official duties. No one has ever attempted to explain, and I submit no one can explain, how an officer's arresting one who commits a criminal offense in the officer's presence is not performing his official duties.

Whenever a lesser offense is not necessarily included in a higher offense, the state has the option of charging the more serious offense and ignoring the lesser. *Caton* v. *State,* 252 Ark. 420, 479 S.W. 2d 537. The same act may constitute two or more distinct offenses and in such case the state may elect to prosecute for either offense. 22 CJS 20, Criminal Law, § 9 (1), at p. 20.

I am authorized to state that Mr. Justice Stroud joins in this opinion.