## Willie B. GILMER *v.* STATE of Arkansas

CR 80-19                                602 S.W. 2d 406

Supreme Court of Arkansas
Substituted Opinion on Rehearing
delivered June 16, 1980·

*John W. Achor*, Public Defender, by: *William H. Patterson, Jr.*, Deputy Public Defender, for appellant.

*Steve Clark*, Atty. Gen., by: Alice Ann Burns, Asst. Atty. Gen.; and *Jack W. Dickerson*, Asst. Atty. Gen., on rehearing, for appellee.

JOHN I. PURTLE, Justice. Appellant, Willie B. Gilmer, was charged with interference with a law enforcement officer

pursuant to Ark. Stat. Ann. § 41-2804 (Repl. 1977). After a trial by a jury, he was convicted and sentenced to five years imprisonment in the Arkansas Department of Correction. Appellant gave notice of appeal. His attorney filed a no merit brief in accordance with *Anders* v. *California*, 386 U.S. 738 (1967), and the appellant filed a pro se brief and a supplemental brief. The state concurred with appellant's counsel as to the no merit appeal. We reversed and remanded in our order of May 5, 1980.

We have the matter before us this time on a petition for rehearing filed by the state.

The facts, according to appellant, were that he had gotten into trouble with someone and the police were called. Appellant stated he was on his way to turn himself in when Officer Mahone appeared on the scene. At this point the testimony is somewhat disputed; but, taking the view most favorable to the state, we find that appellant pointed his rifle at Mahone and attempted to fire it. The officer stopped and a scuffle occurred between appellant and the officer. As a result of this scuffle, the appellant was charged with interfering with a law enforcement officer in the performance of his duties.

In the opinion of May 5, 1980, we reversed and remanded. In doing so, we relied upon our former cases of *Breakfield* v. *State*, 263 Ark. 398, 566 S.W. 2d 729 (1978); and *Bocksnick* v. *State*, 268 Ark. 74, 593 S.W. 2d 176 (1980). In the *Breakfield* case we reversed the conviction of interference with a police officer because the whole affair occurred when the appellant appeared at the jail to inquire about the arrest of his brother. At that time, the officers were not performing any particular duties other than being on duty at the jail. Breakfield made no attempt to prevent them from performing their normal duties at the jail and was arrested only because of the disturbance he created. In *Bocksnick* the accused threatened to shoot an officer who stopped him for questioning concerning a rifle. The only duty the officer was performing at the time was questioning Bocksnick. Bocksnick threatened the officer and resisted him and two other officers who were called to assist in the apprehension. Thus, it can be seen that in both of the

foregoing cases that the person was being arrested for the disturbance or fracas which he himself had caused.

*Gilmer* is slightly different. According to his own testimony, he had become involved in a fracas with another party and was on his way to turn himself in when he met Officer Mahone. At that time, Mahone was apparently on his way to investigate the other disturbance. That is, the one between appellant and some third party. Under these circumstances, it would appear that appellant was interfering with the officer en route to investigate another incident.

In our prior decisions we have not held that a person might not violate more than one criminal law during the course of one episode. We adhere to that principle in this case. The distinction between resisting arrest as defined in Ark. Stat. Ann. § 41-2803 (Repl. 1977) and interference with a law enforcement officer as defined in Ark. Stat. Ann. § 41-2804 (Repl. 1977) is that resisting the officer occurs when one knowingly resists a person known by him to be a law enforcement officer attempting to effect an arrest. The interference referred to in Ark. Stat. Ann. § 41-2804 (Repl. 1977) is designed to cover the situation where a person is interfering with an officer performing some duty other than arresting the person charged.

A person would be resisting arrest, for example, if he were approached by an officer on normal patrol duty and that person resisted the officer's attempt to arrest him for violating some law. On the other hand, if the officer was going from one location to another to serve papers, to investigate an independent incident, or to transport a prisoner, he most certainly would be performing a duty; and, one who interfered with this type of action would be guilty of interfering with a law enforcement officer as mentioned in Ark. Stat. Ann. § 41-2804. A person would also be guilty of interfering with a law enforcement officer if he attempted to prevent the officer from arresting a third person.

We think appellant's situation was, in effect, shortstopping Officer Mahone as he proceeded to investigate another incident. This is true even though appellant was a part of the

incident which the officer was going to investigate.

Under the facts of this situation, we are able to distinguish it from *Breakfield* v. *State*, supra, and *Bocksnick* v. *State*, supra. In those cases the officers were concerned only with attempting to arrest the parties involved in the incident. In the present case the officer encountered appellant while he was in the performance of his official duties in going to investigate another incident in which appellant happened to be a participant.

· For the reasons stated above, we are granting the petition for rehearing and affirming the original judgment in this case. The attorney's request to be relieved will be granted.

Affirmed.

George Rose Smith and Stroud, JJ., concur.

John F. Stroud, Justice, concurring. I concur with the result reached by the majority, but I need not distinguish this case from *Breakfield* v. *State*, 263 Ark. 398, 566 S.W. 2d 729 (1978), and *State* v. *Bocksnick*, 268 Ark. 74, 593 S.W. 2d 176 (1980) to reach that result. I disagree with both of those decisions because I believe that the same act can constitute resisting arrest and interference with a law enforcement officer. Although the act can only result in a conviction for one of the offenses, there are times, such as in this case, when the resistance involves the use of deadly physical force and the felony charge is the more appropriate charge. The Commentrary to Ark. Stat. Ann. § 41-2804 (Repl. 1977), Interference with a law enforcement officer, also recognizes that the statute can apply to the arrest situation the same as Ark. Stat. Ann. § 41-2803 (Repl. 1977) Resisting Arrest:

> Section 41-2804, which is directed at assaults on law enforcement officers, is much broader than § 41-2803. It is not limited to the arrest context but covers all assaults on officers within the scope of their office . . .

An officer is certainly as much "engaged in performing his official duties" when he arrests a subject as when he is ser-

ving a civil process. I believe the statute was adopted simultaneously with the resisting arrest statute to provide a greater possible punishment when physical or deadly force is threatened or used against a law enforcement officer performing his duties; and it was adopted, as pointed out in the Commentary to the statute, to cover assaults on officers other than just those involved in an arrest. The officers of this State who regularly place their lives on the line need the deterrent afforded by this statute. We should not erode the statute by ignoring the force exerted against the officer and by looking only to what duty the officer was performing. How illogical it is to hold that physical force threatened against an officer serving a civil process can result in a felony conviction, but the same force threatened against an officer making a lawful arrest can only result in a misdemeanor conviction.

GEORGE ROSE SMITH, J., joins in this opinion.