Lloyd W. BLACKMON *v.* STATE of Arkansas

CR 80-228 · 612 S.W. 2d 319

Supreme Court of Arkansas
Opinion delivered March 9, 1981

*E. Alvin Schay*, State Appellate Defender, by: *Linda Faulkner Boone*, Deputy Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Jack W. Dickerson*, Asst. Atty. Gen., for appellee.

STEELE HAYS, Justice. On March 14, 1977, the appellant entered guilty pleas to four separate charges of burglary arising out of four separate incidents in Mississippi County, Arkansas. All of the pleas were entered at one hearing; appellant received identical concurrent sentences on each of the four charges.

On April 24, 1980, appellant was convicted of robbery and sentenced as a habitual offender under Ark. Stat. Ann. § 41-1001 (2) (Repl. 1977). Appellant brings this appeal urging that the court below erred in applying the habitual offender statute. He contends that the four guilty pleas

entered in 1977 should be treated as one conviction for purposes of § 41-1001 (2). We disagree. Appellant's arguments were previously considered under the prior habitual offender statute, Ark. Stat. Ann. § 43-2328 (Supp. 1973) in *Cox* v. *State*, 255 Ark. 204, 499 S.W. 2d 630 (1973). We held there that the trial court properly applied the habitual offender statute where the defendant, at one hearing, pled guilty to three separate counts of burglary and was sentenced to concurrent terms for each of the three offenses:

> Certainly the burglaries ... are all different offenses, and the plea of guilty to each one constituted conviction for a different offense.

*Cox* at 209

See also, *Thom* v. *State*, 248 Ark. 180, 450 S.W. 2d 550 (1970).

Our decision in *Cox* under the prior statute is squarely on point with the issue in the present case.

The appellant contends that the changes made in the habitual offender statute since the *Cox* decision warrant a different result. He argues that the purpose of the present statute, § 41-1001 (2), is to impose a more severe punishment only after the defendant has had an opportunity to reform himself — that his four prior convictions should be treated as only one conviction, since the concurrent sentences imposed offered only one opportunity to reform. Again, we disagree. Although it is true that a new habitual offender statute has been enacted since the *Cox* decision, the basic purpose of the statute, to subject repeat offenders to a more severe punishment, is unchanged. As the commentary to § 41-1001 (2) makes clear, that section was intended to create a simpler method for determining the sentence to be imposed:

> While adhering to the principle that the habitual offender should be subject to more severe penalties, § 41-1001 sets out a new method of determining the authorized sentencing range in such cases.

Nothing in the commentary indicates that the purpose of the

previous habitual offender statute has been altered by the adoption of § 41-1001 (2).

We believe *Cox* v. *State* correctly states the law. Each plea of guilty to separate offenses, though the pleas may be entered simultaneously and though concurrent sentences are imposed, constitutes a separate prior conviction for purposes of the habitual offender statute, Ark. Stat. Ann. § 41-1001 (2).

Finding no error in the procedure below, we affirm.