Luther PRICE, III *v.* STATE of Arkansas

CR 81-129                                              632 S.W.2d 429

Supreme Court of Arkansas
Opinion delivered May 10, 1982

*William R. Simpson, Jr.,* Public Defender, and *Sandra Trawick Berry,* Deputy Public Defender, by: *Deborah R. Sallings,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Leslie M. Powell,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Luther Price, III, was convicted of burglary and interference with a police officer and sentenced to forty years and twenty years imprisonment respectively. His sentence was enhanced because he had six prior felony convictions.

This case presents two issues, one involving an old question we have considered several times but one which

continues to give prosecutors and trial courts difficulty; the other involves the newly enacted procedure for sentencing a defendant with prior convictions.

The first issue on appeal is whether there was sufficient evidence to support the conviction for interference with a law enforcement officer in the performance of his duty in violation of Ark. Stat. Ann. § 41-2804 (Repl. 1977). In three previous cases we have considered this charge and in two of them we found the evidence insufficient to support that charge. In a third case we found the facts did justify the charge. In this case two men were seen entering a dwelling and a neighbor called the police. The police responded to the call of a burglary in progress and one officer went to the front door and the other officer went to the back. The officer covering the back testified that as he approached the rear corner he observed two males leaving from the back of the residence. He yelled at them to stop and one of the men turned and fired a pistol in his direction and fired a second shot in another direction. Both men continued to flee. One of the suspects was caught in the alley and the defendant, Luther Price, was found hiding in the basement of a nearby house. The officer testified that it was Luther Price who fired the pistol at him.

The State chose not to charge Luther Price with resisting arrest and aggravated assault, which is a Class D felony, or a more serious offense, but instead chose to charge him with interference with a law enforcement officer. It is our judgment that Price was improperly charged as we have carefully explained in the cases of *Breakfield* v. *State*, 263 Ark. 398, 566 S.W.2d 729 (1978), *State* v. *Bocksnick*, 268 Ark. 74, 593 S.W.2d 176 (1980), and *Gilmer* v. *State*, 269 Ark. 30, 602 S.W.2d 406 (1980). The offense of interference with a police officer was not intended to be an alternative to charging someone with resisting arrest. In the *Breakfield* case the defendant resisted arrest and was charged with interference with a police officer. We pointed out that the new criminal code had a provision for resisting arrest, Ark. Stat. Ann. § 41-2803 (Repl. 1977), and that before the new criminal code there was no such statute. In the Commentary to § 41-2803 it is noted that the offense of resisting arrest is

narrowly confined to the arrest situation; in other words, a situation where the police were resisted when trying to arrest the person charged. Interference with an officer in *other* circumstances is dealt with by §§ 41-2802 or 41-2804.

In *Bocksnick* we had an almost identical situation to that before us. The defendant had been taken to his parents' home by a marshal who knew him and did not charge him although he smelled of alcohol. Later that same evening the marshal saw the defendant carrying a rifle and demanded that he surrender it. The defendant refused and threatened to kill the marshal. No attempt at that time was made to arrest him. In the meantime the defendant went to a nearby grocery store and tried to obtain ammunition. When he later went to a nearby wooded area and was ordered to surrender, he fired two shots at the officers. We found that the officers were performing no duty except trying to arrest the defendant and that a strict construction of the penal statute could only mean that the legislature did not mean for § 41-2804, interference with a police officer, to be applied in such a situation.

In *Gilmer v. State, supra,* a case with facts quite different from those in *Breakfield, Bocksnick,* or in this case, we found the evidence sufficient to support a charge of interference with a police officer. There the police officer was responding to a call to invesigate a disturbance between the defendant and another person. While the officer was en route to answer the call, the officer stopped his vehicle and the defendant attempted to fire at the officer. A scuffle occurred between the officer and the defendant. The officer did not know the defendant was the subject of the call for assistance. We held that that amounted to interference with a law enforcement officer because the fracas that occurred between the officer and the defendant was totally separate from the incident the officer had originally set out to investigate.

As we held in *Gilmer* the offense of interference applies only where a police officer is interfered with in the performance of his duty by someone other than whom the officer is trying to arrest. That does not mean one resisting

arrest cannot be charged with other criminal offenses; he can, but not with the interference charge. It is inexplicable to us why the State persists in charging defendants with interference when it clearly can make a charge or charges against a defendant undoubtedly authorized by the criminal code.

The Commentary to the relevant statutes makes the distinction abundantly clear. The Commentary to Ark. Stat. Ann. § 41-2803 (resisting arrest) states:

> Code section 41-2803 is narrowly confined to the arrest situation. Interference with an officer in *other* circumstances is dealt with by §§ 41-2802 or 41-2804. [Emphasis added.]

The Commentary to Ark. Stat. Ann. § 41-2804 (interference with a law enforcement officer) states:

> Section 41-2804, which is directed at assaults on law enforcement officers, is much broader than § 41-2803. It is not limited to the arrest context but covers all assaults on officers acting within the scope of their office — *e.g.*, those engaged in executing search warrants, seizing property, or serving civil process . . .

In the case before us the officer actually testified that the defendant, Luther Price, shot at him after he told him to halt and obviously after he intended to effect an arrest. The defendant was fleeing and was resisting all efforts by the law enforcement officers to arrest him.

No doubt it is the general language of the charge of interference with the police officer that attracts the State because a liberal interpretation of the statute would allow its application to any misconduct on the part of any defendant in his relationship with an officer trying to arrest him. Such conduct would become a more serious crime. But we rejected such an interpretation in *Breakfield* and have continued to do so. Since there is no substantial evidence to support this charge, it is dismissed.

In order to eliminate any possibility of prejudice we must reduce the sentence to a minimal sentence for burglary by an habitual offender with four or more convictions, which is twenty years imprisonment. Conceivably the State might desire to retry Price on the burglary charge because he was charged as a habitual offender and he might not have received a minimum sentence. Unless the State elects to proceed with a new trial within seventeen days from the date of this decision, the judgment is modified to twenty years imprisonment for burglary as an habitual offender with four or more prior convictions.

The second issue involves an Act of the 1981 General Assembly, Ark. Stat. Ann. § 41-1005 (Supp. 1981). That statute provides that when a defendant is found guilty of a felony, the trial court, out of the hearing of the jury, shall hear evidence of the defendant's previous felony convictions, determine the number of those convictions, and instruct the jury as to that number. The argument is made that this procedure is unconstitutional because it violates ARK. CONST. art. 7, § 23 by directing the trial court to charge the jury with matters of fact. We do not reach the constitutional argument in this case because there was no dispute about the prior convictions of the defendant. When facts are undisputed, the court may properly state them to the jury. *Brown v. Keaton,* 232 Ark. 12, 334 S.W.2d 676 (1960); *Cox v. Hutto,* 619 F.2d 731 (8th Cir. 1980).

Affirmed as modified.