Timothy GILBERT *v.* STATE of Arkansas

CR 82-86                                   639 S.W.2d 346

Supreme Court of Arkansas
Opinion delivered September 27, 1982

*William R. Simpson, Jr.,* Public Defender, and *Howard C. Koopman,* Deputy Public Defender, by: *Deborah R. Sallings,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. On June 16, 1981, the appellant was charged with committing the offenses of aggravated robbery and theft of property on June 2, 1981. The informa-

tion also charged that the appellant was a habitual offender, having been convicted of four or more previous felonies and, therefore, should have his sentence increased pursuant to Ark. Stat. Ann. § 41-1001 (Repl. 1977). In January, 1982, a jury found appellant guilty of both offenses and in a bifurcated proceeding assessed his punishment, as a habitual offender, at life imprisonment for aggravated robbery and twenty years imprisonment for theft of property.

The trial court determined that the substantive law in effect at the date of the offense governs and, therefore, the jury was instructed on the range of sentences found in Ark. Stat. Ann. § 41-1001 (Repl. 1977), which was in effect on the date of the offense, rather than Act 620 (1981), § 41-1001 (Supp. 1981), which became effective after the offense. On the other hand, the trial court determined that Act 252 (1981), Ark. Stat. Ann. § 41-1005 (Supp. 1981), by which the court and not the jury determines the number of previous convictions, is procedural rather than substantive. Since the procedural law in effect on the date of the trial, rather than the date of the offense governs, the trial court followed the procedure stated in Act 252. The previous statute, Ark. Stat. Ann. § 41-1001 (Repl. 1977) provided that the jury would determine the number of previous convictions.

Summarizing, the appellant was sentenced in accordance with the range of punishments provided in the habitual offender statute, Ark. Stat. Ann. § 41-1001 (Repl. 1977), which was in effect at the time of the alleged offenses, but the court, rather than the jury, determined the number of prior felony convictions, as Act 252, Ark. Stat. Ann. § 41-1005 (Supp. 1981), provides.

The appellant makes three arguments for reversal. First, he argues that the determination of the number of prior felony convictions by the judge deprived him of his right to have the jury determine the facts. Second, Act 252 violates Art. 7, § 23, Ark. Constitution (1874), which says, "Judges shall not charge juries with regard to matters of fact, but shall declare the law . . . " Third, if the trial judge was correct in making the determination of the number of prior felonies pursuant to Act 252, he also should have instructed the jury on the new range of punishments found in Act 620

of 1981, which arguably would be less harsh as applied to him.

The state responds that the appellant is precluded from raising these arguments on appeal for want of a proper objection below. With respect to the appellant's third argument the state clearly is correct. The appellant's attorney not only failed to object to the use of the range of punishments in the act which existed at the time of the offense, he actually agreed with the trial court that "it's substantive and would depend on the date of the offense." The appellant cannot agree with a ruling by the trial court and then attack that ruling on appeal. *Wicks* v. *State,* 270 Ark. 781, 606 S.W.2d 366 (1980).

The appellant's first two arguments are but different ways of contending that Act 252 is unconstitutional because it grants to the trial court duties that only the jury may perform. In *Price* v. *State,* 276 Ark. 80, 632 S.W.2d 429 (1982), we held that we need not reach the question of the constitutionality of Act 252 if the number of prior felony convictions is not disputed. Here, it is undisputed that the appellant had been convicted of eight prior felonies. The appellant, however, claims that he pleaded guilty simultaneously to the last three felonies, which he understood from plea negotiations, would run concurrently and count as only one conviction. However, each plea of guilty to each offense is considered as a separate and previous conviction, even though concurrent sentences are imposed, under the habitual offender statutes. *Blackmon* v. *State,* 272 Ark. 157, 612 S.W.2d 319 (1981). Further, a defendant's claim of innocence with respect to some of the established prior convictions is irrelevant. *Harris* v. *State,* 273 Ark. 355, 620 S.W.2d 289 (1981). Since the number of prior felony convictions is not actually disputed by the appellant, this case is in the same posture as *Price* v. *State, supra,* where we deemed it unnecessary to reach the question of the constitutionality of Act 252.

Affirmed.

SMITH, J., concurs and PURTLE, J., dissents.

GEORGE ROSE SMITH, Justice, concurring. It seems to me that the court is in effect saying that the provisions of Act 252, permitting the trial judge to determine the number of previous convictions, are constitutional and separable when the facts are undisputed. That is certainly my view.

JOHN I. PURTLE, Justice, dissenting. It is my opinion that the number of prior convictions is a factual question of a substantive nature which should be decided by the jury. I think the provisions of Act 252 allowing the court to determine the number of previous convictions deprive an accused of the right to a jury trial on this portion of the accusations.