Norma Louise EASTERLY *v.* STATE of Arkansas

CA CR 82-188                    648 S.W.2d 843

Court of Appeals of Arkansas
Opinion delivered April 13, 1983

*Murphy & Carlisle,* by: *Marshall N. Carlisle,* for appellant.

*Steve Clark,* Atty. Gen., by: *Michael E. Wheeler,* Asst. Atty. Gen., for appellee.

LAWSON CLONINGER, Judge. Appellant was convicted of violation of Ark. Stat. Ann. § 41-2804 (Repl. 1977), interference with a law enforcement officer, and was assessed a

sentence of six years in prison. On this appeal, appellant's sole point for reversal is that there was insufficient evidence to support the conviction. We must affirm the conviction.

Ark. Stat. Ann. § 41-2804, *supra,* provides that:

> A person commits the offense of interference with a law enforcement officer if he knowingly employs or threatens to employ physical force against a law enforcement officer engaged in performing his official duties.

When the evidence in this case is viewed in the light most favorable to the State, appellant and a friend, Johnny Thomas, had been drinking on January 26, 1981. Mr. Thomas had called several law enforcement agencies to report that his vehicle had been stolen. When a friend called Mr. Thomas to tell him that the car was parked in front of a friend's duplex in Prairie Grove, appellant and Mr. Thomas were taken to the duplex. A dispatcher informed Officer Gage that appellant and Mr. Thomas were at the address in Prairie Grove, that they had a gun, and said they were going to take care of it themselves. Officer Gage went to the address and observed the residence and the car. A few minutes later, appellant and Mr. Thomas came out, got in the car and left. Officer Gage followed, and he testified at trial that Mr. Thomas was driving in an erratic manner. Officer Gage decided to stop the car because he thought Mr. Thomas was intoxicated. When Office Gage approached the car with a flashlight in his hand, he testified that he saw Mr. Thomas hand a gun to appellant. At that time Officer Gage set the flashlight on the ground, took out his gun, and opened the car door. He then told both appellant and Mr. Thomas to put their hands on the dash. Mr. Thomas put his hands on the dash, but appellant did not. The officer then told Mr. Thomas to get out of the car. Mr. Thomas got out and leaned up against the car. The officer saw appellant put the gun in her dress. The officer then asked appellant to put her hands on the dash again, but appellant cursed the officer and told him that she was going to kill him. At that time appellant took the gun out and pointed it at the officer. As the officer started backwards, appellant fired directly at him. The

officer fired three shots, one of which struck appellant in the head. Appellant was handcuffed and given first aid.

Ark. Stat. Ann. § 41-2804, *supra*, was first interpreted by the Arkansas Supreme Court in the case of *Breakfield* v. *State*, 263 Ark. 398, 566 S.W.2d 729 (1978). In that case the court reversed a conviction of interference with a police officer because the whole affair occurred when the appellant appeared at the jail to inquire about the arrest of his brother. Breakfield made no attempt to prevent the officers from performing their normal duties at the jail and was arrested only because of the disturbance he created. The court observed that a provision in the new criminal code, Ark. Stat. Ann. § 41-2803 (Repl. 1977), for the first time, defined the offense of resisting arrest. Such misconduct was usually charged under statutes defining obstructing or resisting an officer, assaulting an officer or threatening an officer. The court found that there was not sufficient evidence to support the conviction of Breakfield for interfering with a police officer in the performance of his duties, but that he should have been charged with resisting arrest, or disorderly conduct, or both.

In *State v. Bocksnick*, 268 Ark. 74, 593 S.W.2d 176 (1980), the Court of Appeals had reversed Bocksnick's conviction of interference with a law enforcement officer on the grounds that it was not supported by substantial evidence. The Arkansas Supreme Court granted certiorari and affirmed the decision of the Court of Appeals. In that case a policeman suspected that Bocksnick had been involved in an incident at a local trailer park. Bocksnick refused to surrender his weapon and fired two shots at the officer. The court first discussed Ark. Stat. Ann. § 41-2803, *supra*, and then stated:

> Clearly, this statute prohibits resisting arrest. The next section, § 41-2804, *supra*, addresses a different subject by proscribing *interference* with an officer who is performing his official duties. Here, there was no evidence that the officers were performing any duty other than effectuating respondent's arrest. We have long recognized, as stated in *Breakfield*, that penal

statutes must be strictly construed. Therefore, we think the legislature did not intend that § 41-2804 would be applicable when one, as here, resists his arrest. Consequently, we do not find substantial evidence to support a conviction of the respondent for interfering with a police officer in the performance of his duties . . .

In *Gilmer* v. *State,* 269 Ark. 30, 602 S.W.2d 406 (1980), Gilmer had been involved in a fracas with another person and was on his way to turn himself in when he met a police officer. The officer was apparently on his way to investigate the distrubance between Gilmer and some third party. Gilmer pointed his rifle at the officer and attempted to fire it, and a scuffle occurred between Gilmer and the officer. Gilmer was charged with interfering with a law enforcement officer. In affirming Gilmer's conviction, the court stated that the distinction between resisting arrest and interference with a law enforcement officer is that "resisting the officer occurs when one knowingly resists a person known by him to be a law enforcement officer attempting to effect an arrest. The interference referred to in Ark. Stat. Ann. § 41-2804 (Repl. 1977) is designed to cover the situation where a person is interfering with an officer performing some duty other than arresting the person charged." The court then stated:

> Under the facts of this situation, we are able to distinguish it from *Breakfield* v. *State, supra,* and *Bocksnick* v. *State, supra.* In those cases the officers were concerned only with attempting to arrest the parties involved in the incident. In the present case the officer encountered appellant while he was in the performance of his official duties in going to investigate another incident in which appellant happened to be a participant.

In the case before the court Officer Gage testified that the only reason he stopped the automobile in which appellant was a passenger was because he suspected Mr. Thomas, the driver, of being intoxicated. He had no intention of arresting appellant, because he had no reason to suspect she had violated any law. It was while Officer Gage

was investigating the condition of Mr. Thomas that appellant injected herself into the affair.

We hold that there is substantial evidence to support appellant's conviction for interference with Officer Gage's investigation of Mr. Thomas's conduct.

Affirmed.