Joseph COLE *v.* STATE of Arkansas

CA CR 90-154                                     802 S.W.2d 472

Court of Appeals of Arkansas
Division II
Opinion delivered January 23, 1991

99

*Robert S. Blatt*, by: *William J. Kropp III*, for appellant.

*Steve Clark*, Att'y Gen., by: *Kelly K. Hill*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Chief Judge. Joseph Cole appeals from his conviction of the crimes of interference with a law enforcement officer and battery in the second degree. He advances two points for reversal, both of which involve challenges to the sufficiency of the evidence. We affirm.

On appeal, this court views the evidence and all reasonable inferences deducible therefrom in the light most favorable to the appellee, and will affirm if there is substantial evidence to support the verdict. *Dillard* v. *State*, 20 Ark. App. 35, 723 S.W.2d 373 (1987). A recital of a portion of the factual background is necessary in order to bring these issues into focus. On June 27, 1989, appellant became despondent over financial matters and threatened to take his own life. He so frightened his wife and child that they called his brother and left the home. Appellant's brother, Steve Cole; appellant's nephew and his wife, Anthony and Elizabeth Martin; and Elizabeth Martin's mother drove to appellant's residence to counsel with him. When Anthony Martin and Steve Cole got out of their vehicle and approached the house, appellant came out and fired five shots at them with a .22 rifle and several more with a 30-30 rifle. Martin and Steve Cole then got into the vehicle and were backing out of the driveway when a bullet pierced the windshield, causing head wounds to both

Martin and his wife.

A detective with the sheriff's department responded to a call about the disturbance. He, too, was met with a burst of gunfire when he approached the residence. He alerted the state police, and a SWAT team surrounded the house. After more than five hours, appellant surrendered and was placed under arrest. He was charged with two counts of battery in the second degree and one count of interference with a law enforcement officer in the discharge of his official duties. A jury found him guilty of the charges of interference and second-degree battery as to Anthony Martin, but of the lesser offense of third-degree battery as to Elizabeth Martin. The third-degree battery conviction is not appealed.

Appellants first contends that the evidence does not support a finding that he interfered with the officer and that he could only be found guilty of the crime of resisting arrest. Arkansas Code Annotated § 5-54-104 (1987) provides that one commits the offense of interference with a law enforcement officer if he knowingly employs force or threatens to employ force against a law enforcement officer engaged in performing his official duties. Arkansas Code Annotated § 5-54-103 (1987) provides that one commits the offense of resisting arrest if he resists a person known by him to be a law enforcement officer effecting an arrest. Appellant argues that these statutes are to be strictly construed and that one cannot be held to have interfered with an officer in the performance of his duties when the interference is merely a resistance to his own arrest. *See Price* v. *State*, 276 Ark. 80, 632 S.W.2d 429 (1982); *Gilmer* v. *State*, 269 Ark. 30, 602 S.W.2d 406 (1980); *State* v. *Bocksnick*, 268 Ark. 74, 593 S.W.2d 176 (1980); *Breakfield* v. *State*, 263 Ark. 398, 566 S.W.2d 729 (1978); *Easterly* v. *State*, 8 Ark. App. 135, 648 S.W.2d 843 (1983).

■ Although those cases do so hold, they do not imply that one may not be found guilty of interference where he interferes with an official investigation that precedes an effort to effect an arrest. In this case, the officer testified that when he arrived at the scene he was informed by the Martins of what had happened and that appellant might still be inside the house. Appellant's physical condition was not known by the Martins. The officer

stated that one of his reasons for approaching appellant's dwelling was to find out in fact what had happened since the Martins had left the residence. He was then asked:

> Q.   You wanted to arrest Mr. Cole, didn't you, for the shooting?
>
> A.   No, sir, not at that point in time. Like I say, we had been given some information at that point in time, had been given some information that we felt that Mr. Cole himself might be injured. We weren't sure what we were going to do at that time.

The officer stated that he had information that appellant might have injured himself and it was his duty and responsibility to protect life and property and render assistance to injured persons. He further stated that the first time he knew the appellant was still alive and in the house was when the shots were fired at him.

We think that the jury could have concluded from the officer's testimony that his initial purpose in approaching the house was investigatory and in the performance of his duties to determine the facts and protect both life and property, that appellant interfered with the officer as he was performing a duty other than seeking to arrest appellant, and that the determination to make the arrest and appellant's resistance to it occurred thereafter. From our examination of the record, we cannot conclude that there is no substantial evidence to support appellant's conviction for interference with a law enforcement officer.

Appellant next contends that the evidence was not sufficient to sustain a conviction of second-degree battery as to Anthony Martin. Appellant argues that the State failed to prove that he acted with the purpose of causing physical injury to anyone or that Martin suffered serious physical injury. We find no error.

■ Arkansas Code Annotated § 5-13-202(a) (1987) provides in pertinent part that one commits battery in the second degree if (1) with the purpose of causing physical injury to another person, he causes serious physical injury to any person; (2) with the purpose of causing physical injury to another person, he causes physical injury to any person by means of a deadly weapon; or (3) he reckless causes serious physical injury to another person by means of a deadly weapon. A person acts

"purposely" with respect to his conduct or a result thereof when it is his conscious object to engage in conduct of that nature or to cause such a result. Ark. Code Ann. § 5-2-202(1) (1987). One's intent or purpose, being a state of mind, can seldom be positively known to others. Since intent ordinarily cannot be proven by direct evidence, jurors are allowed to draw upon their common knowledge and experience to infer it from the circumstances. *Tarentino* v. *State*, 302 Ark. 55, 786 S.W.2d 584 (1990). From our review of the record, we cannot conclude that the finding that appellant fired the shots with the purpose of causing physical injury to someone is not supported by substantial evidence.

Nor can we agree with appellant's argument that the State's failure to prove that Anthony Martin suffered "serious physical injury" requires that his conviction be reversed. Since, as we have concluded above, the jury reasonably could have found that appellant acted purposely, and since the injury was occasioned by use of a deadly weapon, only "physical injury" need have been shown. Ark. Code. Ann. § 5-13-202(a)(2) (1987).

Arkansas Code Annotated § 5-2-102(14) (1987) defines "physical injury" as the impairment of physical condition or the infliction of substantial pain. Here, the evidence discloses that a bullet fired by appellant struck Martin in the head, which was bleeding at the time the detective arrived at the scene. There was evidence that, even though stitches were not required, a portion of the bullet lodge in Martin's head and had to be removed.

The fact that Martin did not verbalize his pain is not conclusive. In *Holmes* v. *State*, 15 Ark. App. 163, 165, 690 S.W.2d 738, 739 (1985), we said that "[t]he fact that the victim in this case did not verbally relate the extent of his pain and anguish is not controlling. Pain is a subjective matter and difficult to measure from testimony." We further said that in determining whether an injury inflicts substantial pain, the factfinder must consider all of the testimony and may consider the severity of the attack and the sensitivity of the area of the body to which the injury is inflicted. The factfinder is not required to set aside its common knowledge and may consider the evidence in light of its observations and experiences in the affairs of life. In light of the evidence above, we cannot conclude that the jury could not find that Martin suffered substantial pain.

■■ Appellant finally argues that the verdicts were inconsistent and that his conviction for second-degree battery as to Anthony Martin must be reduced to third-degree because the jury found him guilty only of third degree battery as to Elizabeth Martin. We cannot agree. In the first place, appellant has failed to demonstrate that he raised this point during trial. Our review of appellant's appendix reflects no objection after the jury's findings and sentencing were read, and we do not consider issues of this nature that are raised for the first time on appeal. *Williams* v. *State*, 303 Ark. 193, 794 S.W.2d 618 (1990). In any event, since the evidence in this case was sufficient to warrant a conviction of the greater offense on both counts, appellant is in no position to complain of the jury's having extended him greater leniency than he was entitled to. *See Riddick* v. *State*, 271 Ark. 203, 607 S.W.2d 671 (1980).

Affirmed.

JENNINGS and ROGERS, JJ., agree.