Thomas GILKEY *v.* STATE of Arkansas

CA CR 92-442 848 S.W.2d 439

Court of Appeals of Arkansas
Division II
Opinion delivered March 10, 1993

*Compton, Prewett, Thomas & Hickey, P.A.*, by: *Floyd M. Thomas, Jr.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee

JOHN MAUZY PITTMAN, Judge. Appellant Thomas Gilkey was tried for first-degree murder and second-degree battery. The jury found appellant guilty of second-degree murder and sentenced him to twenty years in the Arkansas Department of Correction. He also was found guilty of second-degree battery and was sentenced to a term of five years. Appellant raises three points for reversal in this appeal. We affirm.

On May 5, 1990, appellant spent the day drinking and barbecuing with a group of his friends. At approximately 10:00 p.m. that evening, he was asked to take three female guests to the "Thunder Zone", an area of night clubs and drug related activity. One of the guests was searching for her sister. As appellant and his passengers were driving through the area in question, he apparently sideswiped a vehicle. Shortly thereafter, a car angled in front of appellant's truck and two or three men got out of the

car. Appellant states that one of the men had a knife and that they were threatening to kill him. Appellant stated that he jerked away from one of the individuals and was able to get in his truck and drive away. As he was leaving, he struck the vehicle that was blocking his path. Appellant stated that at this point he was totally rattled and just wanted to leave the scene. He stated he became lost and finally returned to the same street that he had just left. Appellant testified that there was a large crowd in the street and people were sitting on sidewalks and cars. He testified that he was afraid that these individuals might try to harm him. He stated that he was so afraid that he took a pistol from the floor board of his truck and fired approximately fourteen times in the direction of the crowd of people he believed were trying to surround his truck. Virgil Sapp was struck in the head and died instantly. Garland Phiefer was hit in the upper thigh by a ricocheting bullet but he required no medical attention.

 Appellant argues that the court erred in failing to direct a verdict on the charge of battery in the second degree. A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Hill* v. *State*, 299 Ark. 327, 773 S.W.2d 424 (1989). On appeal, this court will affirm the verdict it if is supported by substantial evidence. *Id.*; *Harris* v. *State*, 15 Ark. App. 58, 689 S.W.2d 353 (1985).

The statute at issue here is Ark. Code Ann. § 5-13-202(a) (1987), which provides, in pertinent part:

A person commits battery in the second degree if:

(1) with purpose of causing physical injury to another person, he causes serious physical injury to any person;

(2) with the purpose of causing physical injury to another person, he causes physical injury to any person by means of a deadly weapon;

(3) he recklessly causes serious physical injury to another person by means of a deadly weapon.

 The second-degree battery charge arose when Garland Phiefer was hit in the thigh with a ricochet bullet fired by appellant. Phiefer testified that he removed the bullet with his finger shortly after being hit and treated his wound with peroxide

and did not seek medical attention. When asked if he had been hurt he responded, "Yeah." When asked if he had suffered "substantial" pain, Phiefer replied, "It hurt no worse than anything else." Where the jury could have reasonably found appellant acted purposely, and where the injury was occasioned by the use of a deadly weapon, only physical injury, not serious physical injury, need have been shown. *Cole* v. *State*, 33 Ark. App. 98, 802 S.W.2d 472 (1991). Certainly, from this testimony it appears that Phiefer experienced some degree of pain. Pain is a subjective matter. The fact that a victim does not verbalize his pain is not conclusive; the factfinder must consider all of the testimony and is not required to set aside its common knowledge and may consider the evidence in light of its observations of experiences in the affairs of life. *Id.* We find that the trial court properly submitted the matter to the jury and that there is sufficient evidence to support the verdict.

Appellant next argues that the trial court erred when it, over the objections of the defendant, gave Instruction No. 25 concerning voluntary intoxication. He argues that the giving of the instruction amounted to a comment on the evidence in violation of Ark. Const. Art. 7, § 23. He further contends the court's comment on sobriety tended to emphasize that evidence. Appellant also argues that since the jury also sets punishment, the jury may have enhanced his sentence because of this instruction. The essence of the appellant's argument is that the refusal of a state to allow evidence of voluntary intoxication for the purpose of disproving intent effectively relieves the prosecution of its duty to provide the element beyond a reasonable doubt.

The trial judge instructed the jury that voluntary intoxication is not a defense to the charge of murder in the first degree or to the charge of battery in the second degree, in reliance upon the decision of *White* v. *State*, 290 Ark. 130, 717 S.W.2d 784 (1986). The court in *White* effectively held that voluntary intoxication is no longer available as a defense for purposes of negating specific intent. *See* Ark. Code Ann. § 5-2-207 (1987). Here, a number of witnesses, including appellant, testified at trial about appellant's drinking the day of the shooting. Appellant also testified that he was "rattled" and "afraid." Under these circumstances, the trial judge determined that the State was entitled to an instruction informing the jury of the law regarding evidence of

intoxication so as to avoid any confusion. The voluntary intoxication instruction properly stated the law and served to guide the jury in its consideration of the evidence presented. We believe the trial court properly applied the rationale of the *White* case to the facts of the case at bar and did not err in giving Instruction No. 25.

█ Appellant's final argument is that the court erred in not permitting the jury to hear detailed testimony about his military service in Vietnam. Mitigation of punishment is the only reason appellant gave for offering this testimony. Appellant has cited no authority for his contention that a defendant can present evidence to the jury for the purpose of mitigating punishment. We do not consider assignments of error that are unsupported by convincing argument or citation of authority. *Womack* v. *State*, 36 Ark. App. 133, 819 S.W.2d 306 (1991). Nevertheless, questions of mitigation are properly presented to the trial court, which has the responsibility of sentencing after maximum punishment has been fixed by the jury. *Lair* v. *State*, 283 Ark. 237, 675 S.W.2d 361 (1984); *Killman* v. *State*, 274 Ark. 422, 625 S.W.2d 489 (1981). We find that appellant's military heroism offered solely for the purpose of mitigating punishment was not relevant to any issue to be determined by the jury.

Affirmed.

JENNINGS, C. J., and COOPER, J., agree.