Charles Edward WHITFIELD *v.* STATE of Arkansas

CA CR 99-1400                                                 20 S.W.3d 422

Court of Appeals of Arkansas
Division IV
Opinion delivered June 28, 2000
[Petition for rehearing denied August 23, 2000.* ]

*William R. Simpson, Jr.*, Public Defender; *Sandra S. Cordi*, Deputy Public Defender, by: *Deborah R. Sallings*, Deputy Public Defender, for appellant.

---

* GRIFFEN, J., would grant.

*Mark Pryor*, Att'y Gen., by: *Leslie Plowman Fisken*, Ass't Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. The appellant was charged with aggravated robbery and theft of property valued in excess of $2,500.00. The jury found him guilty of robbery and misdemeanor theft. This appeal followed.

For reversal, appellant contends that the evidence was insufficient to support his robbery conviction. Appellant's argument is that the only evidence of force presented at trial was the testimony that appellant displayed a weapon during his flight, and that the jury, by finding him not guilty of aggravated robbery, conclusively found that no weapon was employed.[1] This argument lacks merit for several reasons.

■ First, it was never presented below. At trial, there was evidence to show that appellant was seen shoplifting a $15.00 item at a Fred's store, refused to return to the store when directed to do so, and was chased for a few hundred yards to a secluded area. Once in the secluded area, with his pursuers approximately sixty-five feet behind, appellant slowed from a run to a walk and pulled a gun which he displayed at his side. In challenging the sufficiency of the evidence below, appellant merely argued that the evidence presented at trial was insufficient to convict him. Although the proceedings continued for some time after the jury returned its verdict, appellant never asserted that his acquittal of aggravated robbery was tantamount to a finding that no weapon was employed, so that the sufficiency of the evidence should be determined without considering the evidence presented at trial to show that appellant displayed a weapon during his flight. Appellant is changing his argument on appeal, and this he cannot do. *See Watts v. State,* 68 Ark. App. 47, 8 S.W.3d 563 (2000) (a party cannot change the grounds for an objection or motion on appeal but is bound by the scope and nature of the argument made at trial).

■ Second, although the jury acquitted appellant of aggravated robbery, it does not necessarily follow that the jury found that

---

[1] A person commits robbery if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately thereafter, he employs or threatens to immediately employ physical force upon another. Ark. Code Ann. § 5-12-102(a) (Repl. 1997). A person commits aggravated robbery if he commits robbery as defined in § 5-12-102 and is armed with a deadly weapon or represents by word or conduct that he is so armed. Ark. Code Ann. § 5-12-103(a)(1) (Repl. 1997).

no weapon was employed in the crime. It is equally likely that the jury's verdict was the result of leniency. *See United States v. Powell,* 469 U.S. 57 (1984). In the absence of a request for special findings or to poll the jury to determine the basis for its decision, appellant's argument that the inconsistency was based on a finding that no weapon was employed is based on pure speculation. *See id.* at 66.

Third, even when verdicts are not consistent, an appellant cannot complain of the jury's having extended him greater leniency than he was entitled to. *Cole v. State,* 33 Ark. App. 98, 802 S.W.2d 472 (1991); *see Benton v. State,* 78 Ark. 284, 298-99, 94 S.W. 688, 693-94 (1906).

Affirmed.

JENNINGS and CRABTREE, JJ., agree.