N. MARK KLAPPENBACH, Judge
Appellant Gregory Alan Rongey was convicted by a jury in Logan County Circuit Court of first-degree battery against a law enforcement officer and possession of a defaced firearm. The battery charge carried an enhanced penalty due to use of a firearm in the commission of the battery. Rongey does not dispute that Booneville police chief Albert Brown was shot in the thigh with Rongey's firearm, but he contends that it was an accident. Rongey argues on appeal that the State failed to present sufficient evidence of his criminal intent to commit the battery. We affirm.
In reviewing a challenge to the sufficiency of the evidence, we determine whether the verdict is supported by substantial evidence. Howard v. State , 2016 Ark. 434, 506 S.W.3d 843. Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. Id. In reviewing a sufficiency challenge, we view the evidence in the light most favorable to the State, considering only evidence that supports the verdict. Id.
One's intent or purpose, being a state of mind, can seldom be positively known to others. Cole v. State , 33 Ark. App. 98, 802 S.W.2d 472 (1991). Since intent ordinarily cannot be proved by direct evidence, jurors are allowed to draw upon their common knowledge and experience to infer it from the circumstances. Martinez v. State , 2018 Ark. App. 187, 545 S.W.3d 264 ;
*164 Green v. State , 2018 Ark. App. 145, 544 S.W.3d 574. Because of the difficulty in ascertaining a person's intent, a presumption exists that a person intends the natural and probable consequences of his or her acts. Lee v. State , 2017 Ark. 337, 532 S.W.3d 43.
As to first-degree battery, the circuit court instructed the jury to determine whether the State had proved that Rongey (1) purposely caused serious physical injury to Brown; (2) purposely caused physical injury to Brown using a firearm; or (3) caused serious physical injury to Brown under circumstances manifesting extreme indifference to the value of human life. See Ark. Code Ann. § 5-13-201(a) (Repl. 2013). A person acts with purpose with respect to his conduct or a result thereof when it is his conscious object to engage in conduct of that nature or to cause such a result. See Ark. Code Ann. § 5-2-202 (Repl. 2013). The phrase "circumstances manifesting extreme indifference to the value of human life" indicates that the attendant circumstances themselves must be such as to demonstrate the culpable mental state of the accused. McCoy v. State , 347 Ark. 913, 69 S.W.3d 430 (2002). Extreme indifference is thus in the nature of a culpable mental state and therefore is akin to intent. Id. Offenses requiring extreme indifference involve actions that evidence a mental state on the part of the accused to engage in some life-threatening activity against the victim. Price v. State , 373 Ark. 435, 284 S.W.3d 462 (2008) ; Hoyle v. State , 371 Ark. 495, 503, 268 S.W.3d 313, 318 (2007).
The evidence, viewed in the light most favorable to the State, revealed the following. At around midnight on April 26, 2017, Rongey called 911 and made contact with the Logan County Sheriff's Office. Rongey would later admit that he had consumed a bottle of Amaretto (a liqueur) and a couple beers. Rongey told the dispatcher that he wanted to die and wanted a law enforcement officer to come shoot him. Rongey told the dispatcher that he had a rifle and a pistol, one of which was on his lap, and he would have the firearms in his hands so the officers would shoot him. The dispatcher offered to send help to Rongey and told him that no one was going to shoot him. Rongey responded, "When I fire at one [of] them, though, they will." One officer remembered speaking to Rongey, testifying that Rongey wanted someone to "just come over and knock on the door, and he was going to start shooting so we would have to shoot him." Brown testified that he spoke with Rongey on the phone, and Rongey told him that he wanted "to go out in a battle" and that "if he needed to come find us, he would."
Law enforcement officers went to Rongey's apartment. Rongey came out of his apartment and fired a shot. Brown tackled Rongey from behind, and Brown was struck in the upper thigh with a bullet from one of Rongey's firearms. The bullet went through Brown's thigh, causing substantial blood loss, and Brown was taken to the emergency room for treatment. Rongey gave a statement to law enforcement insisting that he never intended to shoot officers but that he just wanted to die himself. He stated that he fired the first shot in the air and that the firearm accidentally went off the second time when he was tackled.
Rongey's attorney moved for directed verdict, arguing that there was insufficient evidence that Rongey acted purposely to hurt Brown or that he acted under circumstances manifesting extreme indifference to the value of human life. The trial court denied the motion and denied the renewal of that motion. The jury found Rongey guilty of first-degree battery, and this appeal followed.
*165 Circumstantial evidence may constitute substantial evidence to support a conviction. Price, supra. To be substantial, the circumstantial evidence must exclude every other reasonable hypothesis than that of the guilt of the accused. Id. The question whether the circumstantial evidence excludes every other reasonable hypothesis consistent with innocence is for the jury to decide. Id. We must determine whether the jury resorted to speculation and conjecture in reaching its verdict. Id. The credibility of witnesses is an issue for the jury and not the court. Id. The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. Id. Extreme indifference requires actions that evidence a mental state on the part of the accused to engage in some life-threatening activity against the victim. Id. The mere act of pointing a loaded gun at another person can be sufficient to establish a manifestation of extreme indifference to the value of human life, regardless of whether there was an actual intent to shoot. See Isbell v. State , 326 Ark. 17, 931 S.W.2d 74 (1996).
Applying the foregoing principles to the evidence in this case, we hold that the trial court did not err in denying Rongey's motion for directed verdict. Rongey, who had consumed a considerable amount of alcohol, told law enforcement that he was armed with two firearms, that he wanted to "go out in a battle," and that he would come to law enforcement if law enforcement did not come to his apartment. Rongey intentionally fired a round as he came out of his apartment to encounter law enforcement personnel, and Brown was subsequently struck with a bullet from one of Rongey's two firearms. This is sufficient evidence to support the jury's finding that Rongey caused serious physical injury to Brown under circumstances manifesting extreme indifference to the value of human life.
Affirmed.
Harrison and Glover, JJ., agree.