389 So.2d 384 (1980)
STATE of Louisiana
v.
Charles D. WILLIAMS.
No. 67330.
Supreme Court of Louisiana.
October 6, 1980.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., J. Kevin McNary, Asst. Dist. Atty., for plaintiff-appellee.
Steve Lemoine, New Orleans, for defendant-appellant.
DENNIS, Justice.
Defendant, Charles D. Williams, was convicted of obtaining credit with a stolen credit card, La.R.S. 14:67.3 (Supp.1964) and sentenced to two years in jail. We reverse his conviction and sentence, finding merit in his assignment of error based on a lack of constitutional proof of an essential element of the crime, viz., that defendant obtained credit. Since there was a constitutionally sufficient evidentiary basis for the jury to find the defendant guilty of an attempt to obtain credit with a stolen card, a lesser offense included within the charged crime, and since the jury necessarily made such a determination in this case, the case is remanded to the trial court with instructions to enter a judgment of conviction of attempt to obtain credit by use of a stolen credit card and to sentence the defendant accordingly.
On October 12, 1978, the defendant entered a J. C. Penney's store in New Orleans *385 accompanied by a young woman. After shopping for some time, the woman brought several items to a cashier who proceeded to total their prices on her register. The defendant was standing several feet away from the young woman and whispered to her briefly during the transaction. The woman handed the cashier a Penney's credit card to pay for the items and a credit slip was made out and signed. The items of clothing were put into a bag along with a copy of the sales slip. The cashier then entered the account number on the credit card into the store's computer and was alerted that the card was stolen by a code appearing in the machine. The cashier then asked the woman for identification bearing her picture. When the woman was unable to comply, the cashier summoned her supervisor. Store personnel in the credit department confirmed that the card was stolen by calling the owner whose phone number was found in their records. A police officer working in the store on a paid detail then placed both the woman and the defendant under arrest. The merchandise never left the cashier's side.
The defendant does not question that the state proved beyond a reasonable doubt that he acted with intent to defraud and that he indirectly used a credit card belonging to another without authority. But he argues that no trier of fact could have found beyond a reasonable doubt from the evidence that he "thereby obtain[ed] credit or the privilege of making a deferred payment for the purchase or acquisition of money, goods or services ..." La.R.S. 14:67.3 (Supp.1964). Accordingly, he contends that the trial court erroneously rejected his motion for a new trial based on the constitutional insufficiency of the evidence.
In reviewing the denial of a motion for new trial based on insufficiency of the evidence, we must determine whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of facts could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The issue, therefore, is whether any rational jury could have found beyond a reasonable doubt from the evidence in this case that Williams obtained credit for the purchase or acquisition of money, goods or services.
The words of the statute in effect at the time of the offense clearly require the prosecution to prove that the defendant actually obtained credit by unauthorized use of a credit card. La.R.S. 14:67.3 (Supp.1964). The words "taking" and "obtain" have been used advisedly in our criminal code, and the latter requires both that someone lost and that the offender or someone else gained by "obtaining." See L.S.A.-R.S. 14:67, Reporter's Comment on obtaining by false pretenses.
In our review of the record we are unable to discover any evidence from which a trier of fact reasonably could find that the defendant obtained or gained credit. The goods were never delivered to the defendant or his companion. The store clerk never entrusted the merchandise to them or granted them the privilege of making a deferred payment. Instead, the computer system performed according to its design; it prevented a delivery of goods on credit based on a stolen credit card.[1]
Accordingly, we must set aside the defendant's conviction and sentence for obtaining credit by use of a stolen credit card. However, defendant is not entitled to be discharged or receive a new trial. Attempted acquisition of credit with a stolen credit card, a lesser included offense, was necessarily found in this case by the jury,[2] and *386 there is sufficient evidence in the record to support such a finding beyond a reasonable doubt. See State v. Byrd, 385 So.2d 248 (La.1980). Accordingly, the defendant's conviction and sentence are set aside, and the case is remanded to the trial court with instructions to enter a judgment of conviction of attempt to obtain credit with a stolen credit card and to impose a sentence for this crime.
CONVICTION AND SENTENCE SET ASIDE; REMANDED FOR JUDGMENT OF CONVICTION OF LESSER INCLUDED OFFENSE AND SENTENCE.
BLANCHE, J., concurs and dissents for the reasons assigned.
MARCUS, J., dissents, and assigns reasons.
WATSON, J., dissents for the reasons assigned.
BLANCHE, Justice (concurring in part; dissenting in part).
I concur as there is "no evidence", Thompson v. Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960), of an essential element of the crime, i. e., the obtaining of credit with a stolen credit card and that "any rational trier of fact", Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) could have found that the state failed to prove this element of the crime beyond a reasonable doubt. To have done otherwise, the jury would have had to disregard the instructions given them by the trial judge that the state bore the burden of proving each and every essential element of the crime charged to their satisfaction and beyond a reasonable doubt.
As one may observe, we have never faced the issue in a case where our review of the evidence does not coincide with the jury's review of the same evidence and usually, we do a routine venturing that the defendant would be guilty under either standard. See this writer's opinion in State of La. v. Entertainment Specialists, 386 So.2d 653 (La.1980), where we found that there was "no evidence" of the defendant's guilt of obscenity, but would have also reached the same result under the "rational trier of fact" standard of Jackson. Also see Justice Dennis' dissent in State of Louisiana v. Holmes, 388 So.2d 722 (1980) where, in his opinion, a rational trier of fact would not have found Holmes guilty of first degree murder and likewise, there was "no evidence" of his intent to kill the victim.
This writer sought at first to resist the rule previously because it completely erodes our constitutional provision limiting our review to questions of law, La.Const. art. 5, § 5(C), and we should not have done away with our own constitutional mandate without at least giving it a decent burial.
While this writer must accept Jackson as the law of the land, he would make these observations. The terms "preponderance of the evidence", "manifest error", and "clearly wrong" as defined in opinions of this Court in civil cases, are not easily understood and, because of their subjective nature, a judicial determination thereof is often elusive. Approval of convictions in serious criminal cases wherein lengthy sentences are imposed, first degree murder cases in which the death penalty is imposed, close "some evidence" factual cases which result in conviction, will surely provoke an assortment of ideas from the members of this Court as to what constitutes the "rational trier of fact". By its definition, such a fact-finder should not be "manifestly erroneous" or "clearly wrong". "In the light most favorable to the prosecution" is due for its share of explanations, though this writer believes that they are no more than empty words when we make up our minds what the rational trier of fact should have found.
*387 Finally, this writer suggests that there should be some limitation on "due process" in the case of criminal appeals. The present practice of prisoners is to use the Great Writ (habeas) as another attempt at an appeal and now, with the Jackson standard, it seems that convicted felons would state a good case when they ask either this Court or the Federal Courts how it would view, or how any succeeding new court or judge would view, the sufficiency of the evidence on which they were convicted. Somewhere, there has to be a stopping point, and this writer believes it should not be enlarged by our review as to the sufficiency of the evidence after a jury has found the defendant guilty on evidence which it believed established his guilt beyond a reasonable doubt. After all, we don't see or hear the witnesses and the appreciation of the evidence should always be superior to our own when one considers the inherent dangers in reviewing a cold, cold record.
With regard to the remand to the trial court with instructions to enter a judgment of conviction as to a lesser included offense, I dissent for the reasons assigned by Justice Watson in State v. Byrd, 385 So.2d 248 (La. 1980).
MARCUS, Justice (dissenting).
I agree that there is no evidence of an essential element of the crime for which defendant was charged and convicted. Therefore, he should be discharged. I respectfully dissent.
WATSON, Justice, dissenting.
I dissent from the remand for resentencing for the reasons expressed in my dissent in State v. Byrd, 385 So.2d 248 (La., 1980).
NOTES
[1] This case is distinguishable from State v. Victor, 368 So.2d 711 (La.1979), in which the offender, who committed a "taking" under La. R.S. 14:67, exerted control over a television adverse to the owner's dominion by hiding it in a box before reaching the cashier. The defendant in the present case did only what is expected and encouraged by owners of self-service stores; he and his companion selected and presented items to the cashier for payment.
[2] Specific intent, an essential element of an attempted crime, La.R.S. 14:27, was also required by the charged offense in this case, and necessarily found by the jury when it found defendant guilty as charged. La.R.S. 14:67.3 punishes one who "with intent to defraud knowingly" uses a credit card to obtain credit. Proof of specific intent is required where the statutory definition of a crime includes the intent to produce or accomplish some prescribed consequence (the frequent language being "with intent to . . ."). State v. Johnson, 368 So.2d 719 (La.1979); State v. Elzie, 343 So.2d 712 (La.1977).