(No. 55031.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. JERRY L. TARLTON, Appellee.

*Opinion filed March 16, 1982.*

Tyrone C. Fahner, Attorney General, of Springfield, and John Baricevic, State's Attorney (Herbert Lee Caplan and Melbourne A. Noel, Jr., Assistant Attorneys General, of Chicago, and Robert L. Craig, Assistant State's Attorney, of Belleville, of counsel), for the People.

Randy E. Blue, Deputy Defender, of the Office of the State Appellate Defender, of Mount Vernon, for appellee.

JUSTICE UNDERWOOD delivered the opinion of the court:

Following a bench trial in the circuit court of St. Clair County, defendant, Jerry L. Tarlton, was found guilty of violating section 8(i) of the Illinois Credit Card Act (Ill.

Rev. Stat. 1979, ch. 121½, par. 608(i)). Because the question before us involves only an interpretation of the statute, a complete transcript was not filed. Apparently, however, defendant had used the credit card of another in an unsuccessful attempt to buy a stereo valued above $150. The trial court granted defendant's motion in arrest of judgment, finding section 8(i) was void for failure to provide a penalty for fraudulent but unsuccessful use. The State appealed under our Rule 603. 73 Ill. 2d R. 603.

Section 8 of the Act, in applicable part, provides:

> "A person who, with intent to defraud either the issuer, or a person providing money, goods, property, services or anything else of value, or any other person, (i) uses, for the purpose of obtaining money, goods, property, services or anything else of value a credit card obtained or retained in violation of this Act or without the cardholder's consent, or a credit card which he knows is counterfeited, or forged, or expired, or revoked, or (ii) obtains money, goods, property, services or anything else of value by representing without the consent of the cardholder that he is the holder of a specified card or by representing that he is the holder of a card and such card has not in fact been issued, is guilty of a Class A misdemeanor if the value of all money, goods, property, services and other things of value obtained in violation of this Section does not exceed $150 in any 6-month period; and is guilty of a Class 4 felony if such value exceeds $150 in any 6-month period. ***" (Ill. Rev. Stat. 1979, ch. 121½, par. 608.)

The question before us is what, if any, penalty is provided for violation of subparagraph (i). After appeal was taken in this case, the appellate court in *People v. Gibson* (1981), 99 Ill. App. 3d 616, decided the identical question.

In *Gibson* the defendant was convicted of violating section 8(i) of the Act and forgery and was sentenced to concurrent prison terms in accordance with the penalties provided for Class 4 felonies. He appealed from his conviction for the unsuccessful use of a credit card, arguing that section 8(i) provided no penalty and was therefore a null-

ity. The appellate court, relying on the former provision of the Criminal Code of 1961 (Ill. Rev. Stat. 1971, ch. 38, par. 17—1) which proscribed this conduct and clearly penalized an attempted fraudulent use as a felony, rejected defendant's argument and affirmed the conviction. The court stated:

> "[T] he clear intendment of the legislature was that the penalty provision of section 8 should apply to situations where, as here, the accused was unsuccessful in his attempt to purchase goods or property by the unlawful use of a credit card. We are compelled to conclude that the failure to include additional language such as 'sought to be obtained' or 'attempted to be obtained' or words of similar import was a legislative oversight, inadvertent omission, or mistake, particularly given the fact that both types of offense proscribed in section 8 are included as part of a single sentence along with the penalty provision. We further believe that, although the legislature inadvertently failed to include this additional language, such words are contained in the statute by fair implication." 99 Ill. App. 3d 616, 621.

Contrasting with the rationale of the *Gibson* opinion is the argument offered by the State in its brief filed in this case before *Gibson* was decided. The State argues that "one who *** obtains nothing has obtained less than $150." It further argues:

> "The legislative scheme is clear. *** [T]he penalty for repeated, but unsuccessful, unlawful use of a credit card subjects the accused to the penalty imposed for a Class A misdemeanor. *** For the greater social harm of 'use for the purpose of obtaining', which use was successful, items exceeding $150 in value in a six-month period, the penalty for a Class 4 felony is imposed."

We disagree with the State's view that the "legislative scheme is clear," at least as it concerns the penalty in-

tended for an attempt to obtain goods valued above $150 in violation of the Act. However, this court must attempt to give effect to the expressed intent of the legislature and avoid constructions of a statute which would render any portion of it meaningless or void. *People v. Garrison* (1980), 82 Ill. 2d 444, 455; *People v. Warren* (1977), 69 Ill. 2d 620, 627-28; *cf. Cronin v. Lindberg* (1976), 66 Ill. 2d 47, 58.

The General Assembly clearly and without ambiguity made the fraudulent use of a credit card a crime regardless of whether goods were actually obtained. For this reason we reject the circuit court's holding that the alleged failure to expressly determine a penalty renders section 8(i) void. The Act in fact provides for two offenses: A Class A misdemeanor "if the value of all money, goods, property, services and other things of value obtained in violation of this Section does not exceed $150"; and a Class 4 felony "if such value exceeds $150." Although the defendant stresses the word "obtained" in the quoted phrase to bolster his argument that if nothing of value is "obtained" there is no penalty, we would stress the words "in violation of this Section" and note that unsuccessful use in fact violates subparagraph (i). Rather then viewing this as a failure of the General Assembly to provide a penalty, thus rendering subparagraph (i) meaningless, we would view it as, at its worst, a clear expression of legislative intent to make such conduct unlawful coupled with an ambiguous statement concerning the penalty. The ambiguity, of course, is whether the fraudulent but unsuccessful use is to be punished as a felony as the earlier cited provision of the Criminal Code had done or as a Class A misdemeanor. That ambiguity must be resolved in defendant's favor. (*People v. Hobbs* (1981), 86 Ill. 2d 242, 246; *People v. Haron* (1981), 85 Ill. 2d 261, 277-78; *People v. Lutz* (1978), 73 Ill. 2d 204, 212.) We accordingly hold that fraudulent use of a credit card, where nothing of value is actually

obtained, is a Class A misdemeanor regardless of the value of goods sought to be obtained. This result appears to be consistent with the legislative intent, evinced by amendments ameliorating the penalty for the related inchoate crime of attempt (compare the 1971, 1973 and 1979 statutes on attempt, Ill. Rev. Stat., ch. 38, par. 8—4) so as in most instances to penalize an attempted felony less harshly than the underlying offense.

The record before us indicates that the defendant also made a motion for a new trial which raised issues that the trial court apparently has not yet considered. We therefore reverse the judgment of the circuit court of St. Clair County and remand the cause to that court for consideration of the motion for a new trial and, if it is found to be without merit, to reinstate the conviction of the defendant and sentence him accordingly.

*Reversed and remanded,*
*with directions.*