Gregory DAVIDSON *v.* STATE of Arkansas

CR 91-110                                    810 S.W.2d 327

Supreme Court of Arkansas
Opinion delivered June 3, 1991

*William R. Simpson, Jr.*, Public Defender, *Bret Qualls*, Deputy Public Defender, by: *Didi Sallings*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. The appellant, Gregory David-son, appeals from a conviction for fraudulent use of a credit card which resulted in a three-year sentence and, further, from a revocation of his probation due to the credit card offenses for which he received a two-year sentence. The sole issue on appeal is whether a conviction under the applicable statute [Ark. Code Ann. § 5-37-207 (1987)] is appropriate, when no property was obtained by the appellant as a result of the fraudulent use.

There were two incidents where the appellant used a stolen credit card for the purpose of obtaining property. The first was on May 20, 1989, at a Tires For Less store in Little Rock. The appellant sought to use the stolen credit card to buy four automobile wheels valued at $419.73. The owner of the store wrote up the ticket, and after the appellant gave him the stolen credit card, the owner asked for identification. The appellant had none, and the store owner refused to turn over possession of the wheels without sufficient identification. The appellant left the store, according to the owner, to get some identification but did not return.

The second incident occurred two days later on May 22, 1989, at Your Car Stereo in Little Rock. The appellant again tried to use a stolen credit card to buy merchandise described as a "box woofer" for a price of $400.00. The salesman ran the credit card through the computer, and the card was declined. He refused to turn the merchandise over to the appellant, and the appellant left the store.

The appellant was subsequently arrested and charged with two counts of fraudulent use of a credit card. He was tried before the trial court, after waiving a jury, and found guilty of both counts on January 24, 1990. Because he had been on two years probation for a theft-by-deception conviction at the time of the crimes, the trial court also revoked the probation at sentencing

and assessed two years imprisonment to be served concurrently.

The offense of fraudulent use of a credit card is committed if a person, with the purpose to defraud, "uses a credit card to obtain property or services with knowledge that: (a) the card is stolen . . . ." Ark. Code Ann. § 5-37-207 (1987). The offense is deemed a Class C felony under the statute if the value of the goods "obtained" exceeds $100; otherwise, the offense is a Class A misdemeanor. *Id.*

The appellant first contends that the statute contemplates the obtaining of property for an offense to occur, and under these facts he obtained no property. We agree that at the very least the statute is ambiguous. One could read it to require the actual obtaining of property. However, one could also focus on the word "use" and interpret the statute as defining a violation when a credit card is used to defraud, whether property is actually obtained or not. Our law is clear that criminal statutes must be strictly construed, with doubts resolved in favor of the defendant. *See Breakfield v. State*, 263 Ark. 398, 566 S.W.2d 729 (1978). What militates against an interpretation that obtaining the property is not required is the fact that the degree of the offense under the statute is based on the value of property obtained. It is a Class C felony if goods valuing more than $100 are obtained; otherwise, it is a Class A misdemeanor. *See* Ark. Code Ann. § 5-37-207(b) (1987). It logically follows, then, that obtaining property is required in order for there to be a consummated offense, and we so hold. Under these facts before us, there was no property obtained, and the conviction for fraudulent use of the credit cards cannot stand.

Four foreign jurisdictions have wrestled with the issue of fraudulent use of a credit card where no property was obtained, with varying results. *See State v. Gonsalves*, 476 A.2d 108 (R.I. 1984); *People v. Tarlton*, 91 Ill. 2d 1, 434 N.E.2d 1110 (1982); *People v. Gibson*, 99 Ill. App. 3d 616, 425 N.E.2d 1197 (1981); *State v. Williams*, 389 So. 2d 384 (La. 1980). Though the statutes involved were somewhat different than ours, the dilemma faced by the respective courts was the same. In both *Gonsalves* and *Gibson*, the appellant courts, following jury convictions for felonies, focused on the intent of the legislature to punish fraudulent use of credit cards, regardless of whether property was

obtained. Both courts affirmed the convictions by interpreting the statute expansively to include an offense for goods "sought to be obtained" by fraudulent credit card use.

The Illinois appellate court, in *People* v. *Tarlton*, considered the penalty for fraudulent credit card use where the defendant was unsuccessful in obtaining goods. The applicable statute, like ours, premised the offense on the value of goods obtained. It provided for a Class 4 felony, if the value was over $150, and a Class A misdemeanor, if the value was that amount or less. In reviewing a bench trial conviction for a Class 4 felony, the court considered the appellant's argument that the legislature provided no penalty where the credit card use was unsuccessful, and, therefore, the statute was unenforceable when no goods were obtained. The Illinois court rejected the argument and held that when nothing of value was obtained, the defendant was guilty of a Class A misdemeanor as if he had actually obtained goods valued at $150 or less.

Lastly, the Supreme Court of Louisiana, in *State* v. *Williams*, *supra*, reviewed a jury verdict finding the appellant guilty of a felony where no credit or goods were obtained. The court resolved that there was a sufficient evidentiary basis for the jury to find the appellant guilty of an attempt to obtain credit with a stolen credit card, because it was a lesser offense included within the charged crime. The Louisiana court set aside the jury conviction and sentence and remanded the case to the trial court to enter judgment for the lesser offense and impose sentence accordingly.

We decline in this case to read language such as "sought to obtain property" into the criminal statute. We further are reluctant to affirm a conviction under § 5-37-207, which we have held is not applicable to the facts of this case, and then assess a penalty under that statute on the basis that because the appellant obtained no property, he should be treated as an offender who obtained property valued at $100 or less.

The reasoning we find persuasive is that employed by the court in *State* v. *Williams*, *supra*. There is no question that the appellant in the case before us tried to use a stolen credit card on two occasions for merchandise that well exceeded $100 in value. Under the state's general attempt statute, a person attempts to

commit an offense if "he purposely engages in conduct that constitutes a substantial step in a course of conduct intended to culminate in the commission of an offense." Ark. Code Ann. § 5-3-201(a)(2) (1987). To attempt to use a credit card fraudulently is a Class D felony. *See* Ark. Code Ann. § 5-3-203(4) (1987).

■■ Here, by twice proffering the stolen credit card, the appellant took a substantial step toward committing the crime, which qualifies as an attempt under state law. Under such circumstances we have held that though charged with a greater offense, a defendant may be found guilty of a lesser included offense. *See, e.g., James v. State*, 280 Ark. 359, 658 S.W.2d 382 (1983) (aggravated assault is a lesser included offense of the offense charged — attempted capital murder).

Under appropriate facts we will modify a conviction from the greater offense to the lesser included offense and either fix punishment ourselves or remand the case to the trial court for the assessment of punishment. *See Trotter v. State*, 290 Ark. 269, 719 S.W.2d 268 (1986). This case presents appropriate circumstances, and we hold that sufficient proof was presented to the trial court for a conviction of attempted fraudulent use of a credit card. Due to the fact that the appellant's two-year probation was also revoked, we choose to remand the matter to the trial court.

We, accordingly, reverse the conviction and remand for judgment of conviction to be entered for the lesser included offense of attempted fraudulent use of credit cards and for sentencing on both the attempt conviction and the revocation of probation.

Reversed and remanded.

HAYS, J., dissents.

GLAZE, J., dissents in part.

TOM GLAZE, Justice, dissenting in part. I agree with Justice Hays that the crime is the *fraudulent use* of a credit card and the actual obtaining of the property is not necessary to prove the crime. In fixing the penalty, however, I believe the value of the property is significant. If the value is over $100.00, the punishment is a felony; otherwise, the penalty is a Class A misdemeanor.

I would reduce the trial court's sentence to a Class A

misdemeanor because appellant was not shown to have obtained property exceeding $100.00 in value.

STEELE HAYS, Justice, dissenting. The offense which Ark. Code Ann. § 5-37-207 (1987) is intended to punish is the fraudulent use of credit cards. The gravamen of that offense, I suggest, occurs when the perpetrator uses a credit card with knowledge that the card is stolen, forged, unauthorized, or even merely canceled. Thus, it is not the theft of goods or services to which the statute is directed (those offenses are dealt with under Chapter 36 of the Code), but to the wrongful or fraudulent use of credit cards. On that basis the offense is complete when the perpetrator knowingly presents the card, the merchant processes it, and a credit purchase results in reliance on the credit card.

In this case, the only thing that prevented the appellant from acquiring the tires themselves was his inability to provide identification. But that was after the credit transaction was completed and, hence, after the fact and does not relegate the offense merely to an "attempt" to violate the statute. An attempt occurs when the merchant declines, for whatever reason, the credit card purchase, or the transaction is aborted before completion.

By way of analogy, if an individual makes fraudulent use of a credit card to order goods by telephone (by which a significant percentage of credit card purchases occur), and the sale is processed and the goods mailed or shipped, under today's holding, no offense occurs (other than an attempt) if the goods are intercepted before actual delivery is completed. Or assume the perpetrator, rather than taking the goods with him from the store, instructs the merchant to mail them to a designated address. The goods may or may not end up in the possession of the perpetrator, but in both these instances the cardholder or issuer is subject to loss because of the fraudulent use of the credit card.

There is plausible evidence that a practical reading of § 5-37-207 is exactly what the legislature intended—the Commentary points out that this section is, in substance, Model Penal Code § 224.6, which defines the offense as occurring when a person fraudulently uses a credit card, "*for the purpose of obtaining* property or services," (my emphasis) which is exactly what occurred in this case. The Commentary points out that

§ 224.6 imposed liability

for conduct not constituting theft of either property or services since the supplier incurs no loss. Rather, as is pointed out in a Comment to M.P.C. § 224.6, it is the issuer or cardholder who suffers damage by such transactions.

This is a new section to fill a gap in the law relating to false pretense and fraudulent practices. Sections [5-36-103 (1987)] and [5-36-104 (1987)] cover theft of property or services by deception. It is doubtful whether they reach the credit card situation because the user of a stolen or canceled credit card does not obtain goods by any deception practiced upon or victimizing the seller. The seller will collect from the issuer of the credit card, because credit card issuers assume the risk of misuse of cards in order to encourage sellers to honor the cards readily. Thus it is the nondeceived issuer who is the victim of the practice." M.P.C. § 224.6, *Proposed Official Draft* at 179 (1962).

I respectfully suggest that by focusing on whether the perpetrator actually obtains goods, rather than credit, the majority misconstrues the broader objective of the statute and materially limits its effect.