**In re Mary Eileen O'Keefe BATEMAN, Debtor.**

**Bankruptcy No. 91 B 21843.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Aug. 20, 1993.

Joel A. Stein, Laser Schostok Kolman & Frank, Chicago, IL, for debtor.

William J. Barrett, Gardner Carton & Douglas, Chicago, IL, for Estate of Hilary Reddy.

Richard M. Friedman, Asst. U.S. Trustee. Chicago, IL.

## MEMORANDUM OPINION DETERMINING DEBTOR'S RIGHT TO A PERSONAL PROPERTY EXEMPTION

JACK B. SCHMETTERER, Bankruptcy Judge.

Debtor Mary Eileen O'Keefe Bateman ("Debtor") has filed a voluntary Petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101, *et seq.* On Amended Schedule C to her petition, Debtor claimed as exempt, pursuant to 11 U.S.C. § 522(b)(2) and 735 ILCS 5/12–1001(f),[1] her right to proceeds of an insurance policy payable to her by reason of death of the insured, her husband. The Estate of Hilary Reddy ("Reddy"), a judgment creditor of Debtor, sought collection of its judgment prior to Debtor's bankruptcy filing through garnishment of Debtor's interest

in the insurance proceeds. The parties agree, under applicable non-bankruptcy law, that the garnishment process resulted in a judicial lien. Debtor therefore seeks a determination here that the proceeds are exempt from that judicial lien which may therefore be avoided.

The relevant facts are undisputed. They present an issue regarding the extent to which a personal property exemption may be claimed as to insurance proceeds under Illinois law. The parties dispute whether the proceeds involved here are entirely exempt under 735 ILCS 5/12–1001(f) ("§ 1001(f)") or only conditionally exempt pursuant to 735 ILCS 5/12–1001(h)(3) ("§ 1001(h)(3)"). For reasons below, § 1001(f) is found to control. Thus, Debtor's interest in the insurance proceeds is entirely exempt, and the judicial lien on Debtor's property may be avoided under 11 U.S.C. § 522(f) to the extent it includes these proceeds. An order to that effect has been entered, and this Opinion gives the supporting reasoning.

### FACTUAL BACKGROUND

On November 22, 1987, the insured, Debtor's husband, died after a fall from the balcony of his apartment in New York City. Debtor is a named beneficiary of an accidental death insurance policy on her husband's life in the amount of $500,000. Debtor's claim for payment was twice considered and rejected by the insurance company due to its contention that the death resulted from suicide. Debtor contested these rejections in 1990 by filing a declaratory action against the insurance company in the District Court for the Southern District of New York. Debtor's declaratory action is currently pending, and no proceeds of the policy have been paid.

On January 18, 1991, during pendency of the declaratory action, in an unrelated case Reddy obtained judgment against Debtor in the amount of $170,454.31. In April of 1991, Reddy attempted to enforce that judgment by serving the insurance compa-

---

**1.** Illinois has opted out of the federal exemption scheme provided in 11 U.S.C. § 522(d). 735 ILCS 5/12–1201.

ny a Garnishment Notice of Restraining Lien upon the insurance proceeds under New York law.

Debtor subsequently filed her Chapter 11 petition in this District on October 15, 1991. Reddy filed a proof of claim on December 3, 1991 which alleges a $181,320.75 secured debt.[2] The instant motion was filed on May 3, 1993. The parties rest on the foregoing undisputed facts and their respective briefs.

### Jurisdiction

This matter is before the Court pursuant to 28 U.S.C. § 157, and is referred under Local District Court Rule 2.33. The Court has subject matter jurisdiction under 28 U.S.C. § 1334, and this is a core proceeding under 28 U.S.C. § 157(b)(2)(K) and (O).

### *DISCUSSION*

■ Although Reddy claims a judicial lien in any insurance proceeds that may be payable to the Debtor, 11 U.S.C. § 522(f) allows Debtor to avoid any judicial lien on her interest in property to the extent the lien impairs an exemption to which she is otherwise entitled. Both parties agree that Illinois law applies to determine exemptions and that the insurance proceeds are subject to an exemption under 735 ILCS 5/12–1001. However, they disagree about the extent to which Debtor's possible insurance proceeds may be exempt. Debtor claims those proceeds are entirely exempt under § 1001(f), and therefore Reddy's lien is entirely avoidable. Reddy argues that § 1001(h)(3) applies here. The latter section also recognizes a Debtor's exemption in insurance proceeds, but, if applicable, it is limited by its terms to an amount reasonably necessary for support of the Debtor. Thus, Reddy claims the judicial lien is avoidable only to the extent it impairs rights to insurance proceeds reasonably necessary for Debtor's support.

Section 1001 provides in relevant part that,

The following *personal property owned by the debtor,* is exempt from

judgment, attachment, or distress for rent:

. . . . .

(f) All *proceeds payable because of the death of the insured and the aggregate net cash value of any or all life insurance and endowment policies and annuity contracts payable to a wife or husband of the insured or to a child, parent, or other person dependent upon the insured,* whether the power to change the beneficiary is reserved to the insured or not and whether the insured or the insured's estate is a contingent beneficiary or not;

. . . . .

(h) *The debtor's right to receive,* or property that is traceable to:

. . . . .

(3) *a payment under a life insurance contract that insured the life of any individual of whom the debtor was a dependent, to the extent reasonably necessary for the support of the debtor or a dependent of the debtor....*

(Emphasis supplied.) 735 ILCS 5/12–1001. Allowing the lien in this case to stand necessarily impairs to some extent the exemption under § 1001 which exempts "personal property" that may be owned by a "debtor". The "debtor" under the Illinois statute in this case is the Debtor Bateman because she is a judgment debtor in the New York suit brought by Reddy.

Reddy points out that § 1001(f) refers to the "proceeds payable because of the death of the insured", whereas § 1001(h)(3) refers to "debtor's right to receive ... a payment under a life insurance contract". Therefore, Reddy argues that the exemption under § 1001(f) is limited to where debtors own insurance policies or where they are the insured parties. *See* Reddy's Memorandum, at p. 2 ("Section (f) exempts from the claims of creditors an insurance policy owned by the debtor where the bene-

---

**2.** This claim consists of the $170,454.31 judgment plus $10,866.44 in post judgment interest.

The security claim rests on the garnishment lien under state law.

ficiary under the policy is a spouse, child, parent, or other person dependent on the debtor"). Since Debtor in this case merely has the right to receive death benefits, and she is not the policy owner or the insured, Reddy maintains that § 1001(h)(3) must be the relevant provision.

When interpreting Illinois statutes, "a court should first examine the statutory language itself. [*In re Marriage of Logston*, 103 Ill.2d 266, 277, 82 Ill.Dec. 633, 637, 469 N.E.2d 167, 171] If the court finds that the language is clear and unambiguous, then the court should give that language its effect...." *Matter of Barker*, 768 F.2d 191, 194–95 (7th Cir.1985). Reddy's arguments fail because of the plain and unambiguous language of § 1001. Section 1001(f) simply does not say what Reddy argues. It exempts property "owned by the debtor" in two cases: first, dealing with insurance "proceeds payable [to a "debtor"] because of death of the insured", and second, where cash value in a debtor's own policy of insurance, or endowment, or annuity contract is owned by the debtor, but is payable to a family member "or other person dependent upon the insured" and creditors seek to attach that cash value before or after death of the insured.

The first clause of § 1001(f) is critical here. It exempts "all proceeds payable because of the death of the insured". § 1001(f). The insured here was Debtor's deceased husband. The second clause, concerning cash surrender values, does apply to a living insured, or policy or contract owner. Both clauses refer to policies "payable to a wife or husband of the insured, or to a child, parent, or other person dependent upon the insured...." *Id.* However, the first clause of § 1001(f) controls here. That clause applies on its face to Debtor and cannot possibly apply to the deceased. (How, indeed, could any deceased "debtor" own proceeds of insurance due by reason of his or her death?)

However, § 1001(h)(3) could also be read to apply to Debtor here if she was dependent on the deceased. Reddy points to the canon of statutory construction that courts

must "give effect to each provision of the statute and avoid construction of a statute in a manner that would render any portion of it meaningless or void". *People v. Tarlton*, 91 Ill.2d 1, 4, 61 Ill.Dec. 513, 514, 434 N.E.2d 1110, 1111 (1982). Since the wording of § 1001(f) appears to overlap partially with § 1001(h)(3), how are they to be read together?

First, there are situations where § 1001(h)(3) applies exclusively. One such case is where life insurance payments have been converted to another form of property. For example, in *In re Jackson*, 95 B.R. 590 (Bankr.C.D.Ill.1989), the debtor used life insurance proceeds as downpayment for a house, and then claimed an exemption in those proceeds under both § 1001(f) and § 1001(h)(3). The court held that the exemption could only be claimed under subsection (h)(3) because the proceeds were converted to another form of property. *Id.* at 592–93. Therefore, the reading of § 1001(f) in this Opinion, that recognizes an exemption for life insurance proceeds even when the "debtor" referred to in the statute is not the policy owner or the insured, does not render § 1001(h)(3) meaningless or void.

It must be conceded that the Illinois Legislature has not drafted §§ 1001(f) and 1001(h)(3) in a way in which distinction between application of these provisions comes immediately to the eye. However, these sections clearly encompass at least three different scenarios:

1. Section 1001(f) exempts all insurance proceeds due to any immediate family member of the deceased insured by reason of the death of that person.

2. Section 1001(f) also exempts entirely the "cash value" of life insurance and endowment policies and annuity contracts during the life of the insured if that cash value is payable either before or after death of the insured to a "debtor" who is an immediate family member of the insured, or is payable to a "debtor" who owns such policy or annuity and is entitled to payment during the life of the owner.

3. Section 1001(h)(3) applies only to insurance policies, and would apply to any payment due to a general category of people who are "dependent" on the insured. This provision is so broad that it would apply to such payments either during the life of the insured (as by a loan or cash value payment) or after death, if such payment goes to any "dependent of the insured".

Yet both § 1001(f) and (h)(3) exempt life insurance proceeds payable to dependents of the insured or policy owner. This leaves the question of whether or not the family member dependent is covered or left unprotected by § 1001(f) or (h)(3). To find that family members are covered only by § 1001(h)(3) would read an internal conflict into the exemption statute and provide a harsh treatment of spouses and other family members. Indeed, such a reading would bar any exemption at all of proceeds payable to non-dependent spouses, parents, and children under § 1001(h)(3), while affording a full exemption to non-related dependents under § 1001(f), or at least a partial exemption as to non-family dependents under § 1001(h)(3). That reading would eliminate exemption of life insurance proceeds payable to family members even though such is clearly provided for under § 1001(f).

This Court's reading that § 1001(f) applies here is squarely in line with the general requirement that exemptions be liberally construed in favor of debtors. The Seventh Circuit noted in *Barker*, 768 F.2d at 196, that,

> This circuit and the courts in Illinois have consistently held that personal property exemption statutes should be liberally construed in order to carry out the legislature's purpose in enacting them—to protect debtors. [citations omitted] This clear legislative intent to grant protections to debtors and courts' liberal construction of exemption statutes convince us that in a case such as this one, where an exemption statute might be interpreted either favorably or unfavorably vis-à-vis a debtor, we should interpret the statute in a manner that favors the debtor.

In *Barker*, it was held that a debtor could "stack" his exemption claims. The debtor was allowed to claim the $1,200 exemption for his equity interest in an auto under 735 ILCS 5/12–1001(c) (which specifically exempts debtors' interests in autos), and then claim an additional $2,000 exemption for his additional equity interest in that same car under 735 ILCS 5/12–1001(b) (which allows an exemption for "any other property"). The opinion interpreted § 1001(b) and (c) to be complimentary, even though allowing both sections to apply to autos created some overlap between them.

The same principles of statutory interpretation apply here. Conflicting interpretations can be read within § 1001. Even if Reddy's interpretation could naturally flow from the statutory language, and even if Debtor's interpretation could find some statutory overlap or inconsistency between § 1001(f) and the narrower exemption under § 1001(h)(3), only an interpretation favorable to family members under § 1001(f) is consistent with the Illinois legislature's intent behind the enactment of § 1001 that is apparent from its wording. Indeed, § 1001(f) does expressly supply protections to spouses, children, and parents of the insured, and because § 1001(h)(3) applies to the more general category of "dependent", the express and particular intent of § 1001(f) to protect immediate family members must prevail. It is not necessary in this case to resolve the only real ambiguity—whether a non-family dependent is protected by § 1001(f) or (h)(3).

■ In statutory construction, a specific legislative reference must control over a general reference. The Illinois Supreme Court has stated that,

> It is a fundamental rule of statutory construction that where there exists a general statutory provision and a specific statutory provision, either in the same or another act, which both relate to the same subject, the specific provision controls and should be applied.

*People v. Villarreal*, 152 Ill.2d 368, 178 Ill.Dec. 400, 405, 604 N.E.2d 923, 928 (1992)

(application of criminal laws). Illinois courts commonly apply this principle. *See Ashley v. Evangelical Hospitals Corp.*, 230 Ill.App.3d 513, 171 Ill.Dec. 749, 755–56, 594 N.E.2d 1269, 1275–76 (1st Dist.1992) (statutes of limitations); *LaSalle National Bank v. Edward M. Cohon & Associates, Ltd.*, 177 Ill.App.3d 464, 126 Ill.Dec. 629, 532 N.E.2d 314 (1st Dist.1988) (limitations issue); and *In Re Organization of Greater Algonquin Park District*, 103 Ill.App.3d 1056, 59 Ill.Dec. 722, 432 N.E.2d 306 (2d Dist.1982) (election law issue). *See also* 2A *Sutherland Statutory Construction*, § 47.17 (leading treatise discussing *ejusdem generis*—the Latin term for the Illinois rule of interpretation). Whereas § 1001(f) specifically refers to spouses, § 1001(h)(3) only refers in general to dependents.

Thus, following the rule of *ejusdem generis* and the mandate that exemption statutes be liberally construed in favor of debtors, an Illinois court facing the same issue as that posed here would adopt this Court's construction of §§ 1001(f) and (h)(3).

The precise issue here presents a case of first impression. Reddy relies on *In re Whalen*, 73 B.R. 986 (C.D.Ill.1987) to support its position. However, that case does not address the issue presented here. The debtor in *Whalen* claimed as exempt her right to proceeds from two policies insuring the life of her deceased husband. Several creditors objected to this claim of exemption, and the issue there was whether § 1001(h)(3) "... (1) places a two-year limit on the exemption for reasonable support payments from the proceeds of a life insurance policy, or (2) is merely a limitation on the debtor's right to claim the exemption." *Id.* at 987. The court in *Whalen* assumed

application of § 1001(h)(3) and did not discuss or consider whether the debtor could have claimed an exemption under § 1001(f).

The only support that *Whalen* could lend to Reddy's position was an assertion that § 1001(h)(3) was "patterned after the federal exemption found in 11 U.S.C. § 522(d)(11)(C)." *Id.* at 988. Reddy argues that § 522(d)(11)(C) applies to a beneficiary's interest in an insurance policy, as opposed to § 522(d)(7), which applies to the interest of an owner of a life insurance policy.[3] Hence, Reddy claims that the Illinois statute should be construed consistent with the exemption scheme set out in § 522(d) of the Bankruptcy Code.

Indeed, Reddy argues that § 1001(f) should be construed to have the identical effect as § 522(d)(7). However, § 1001(f) and § 522(d)(7) are not similar at all. Whereas § 1001(f) grants an exemption to "all proceeds payable because of the death of the insured", § 522(d)(7) limits the federally-provided exemption to "unmatured life insurance contracts owned by the debtor". Thus, the language of these two provisions demonstrate a difference in the intended scope of each.

Reddy also argues that the Illinois exemption statute should be construed to have the same effect as the federal exemption statute because of the "close relationship in time" between enactment of these two statutes. *See* Reddy's Memorandum at p. 3. That position has no merit. The fact that the Illinois legislature enacted § 1001(f) in 1982, *see* P.A. 82–783, is not a reason for ignoring the plain linguistic differences between the two statutes. *See Barker*, 768 F.2d at 194–95 (where statutory language is clear and unambiguous,

---

**3.** Sections 522(d)(7) and (11)(C) provide,

(d) The following property may be exempted under subsection (b)(1) of this section:

(7) Any unmatured life insurance contract owned by the debtor, other than a credit life insurance contract.

.    .    .    .    .

(11) The debtor's right to receive, or property that is traceable to—

.    .    .    .    .

(C) a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent on the date of such individual's death, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor; ....

courts "should not resort to extrinsic aids in construing the statute").

In *In re Vogel,* 78 B.R. 192 (Bankr. N.D.Ill.1987) (Ginsberg, J.), a debtor claimed an exemption pursuant to § 1001(f) in life insurance policies that were owned by him and placed in IRA and Keogh accounts, with his spouse and children as beneficiaries. The court determined that the policies were "personal property, owned by the debtor". *Id.* at 194, *citing* § 1001. Based on this determination, the court held that the debtor could claim an exemption to these insurance policies under § 1001(f). While that ruling gives some support to the decision here, *Vogel* did not address the precise issue before this Court.

With no prior authority directly on point to aid this Court's analysis, the statutory interpretation set forth earlier provides the best guide to decision.

### *CONCLUSION*

Debtor here may be found by the New York court to be the owner of "proceeds payable because of the death of the insured" who was her husband. Therefore, Debtor's claim of exemption under § 1001(f) for any possible recovery by her of proceeds of the life insurance policy insuring her husband was sustained, and Reddy's objection thereto was overruled.

Since Debtor is entitled to claim an exemption under § 1001(f), it is not necessary to determine under § 1001(h)(3) how much of those proceeds are reasonably necessary for her support.

Accordingly, by order entered on June 23, 1993, this Court allowed Debtor's claim of exemption under § 1001(f), and, pursuant to 11 U.S.C. § 522(f), avoided Reddy's judicial lien on Debtor's claim to any life insurance proceeds that may be due to her by reason of her husband's death.