Mitchell JACKSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Nos. 95–CA–2823–MR, 96–CA–2088–MR.

Court of Appeals of Kentucky.

Dec. 19, 1997.

Daniel T. Goyette, Jefferson District Public Defender, Bruce P. Hackett, Deputy Appellate Defender, Jefferson District Public Defender, Louisville, for Appellant.

A.B. Chandler, III, Attorney General, Suzanne E. Baker, Assistant Attorney General, Frankfort, for Appellee.

Before BUCKINGHAM, DYCHE, and GUIDUGLI, JJ.

*OPINION*

GUIDUGLI, Judge.

Appellant, Mitchell Jackson (Jackson), appeals from an order of the Jefferson Circuit

Court entered on October 4, 1995, finding him guilty of fraudulent use of a credit card and persistent felony offender second degree and sentencing him to ten years' imprisonment following a jury trial. We reverse and remand for a new trial.

On May 6, 1994, Jackson, accompanied by two women, went to the Biggs store in Middletown. Jackson attempted to purchase $754.90 worth of merchandise with a credit card issued to Brenda S. Horn.

When the clerk ran the credit card through an electronic scanner for processing, the scanner conveyed a "lock up" code and displayed a message which indicated to the clerk that the transaction did not process properly. The clerk ran the card through the scanner a second time, whereupon the message screen indicated that the card needed to be taken if it was safe to do so.

The clerk told Jackson that in-store approval was required because the amount of the transaction was greater than $500 and called security. The clerk told Jackson that the person authorizing the transaction would need to see the credit card and tried to put it in a drawer for safekeeping. When Jackson objected, the clerk put the card on the cash register, which was within Jackson's reach. In order to reach the telephone, the clerk had to step approximately ten feet away from the cash register. When he returned to the cash register, the credit card was gone.

Jackson and the two women left the electronics department before security personnel could arrive, however they were detained before they could leave the store. Jackson was eventually arrested and transported to the Jefferson County Jail.

Jackson was charged with fraudulent use of a credit card and second-degree persistent felony offender. Following a jury trial, he was sentenced to ten years' imprisonment.

On appeal, Jackson contends that the trial court erred in failing to instruct the jury on attempted fraudulent use of a credit card. We agree.

Under Kentucky Revised Statutes (KRS) 434.650:

(1) A person who, with intent to defraud the issuer, a participating party, a person, or organization providing money, goods, services, or anything else of value, or any other person:

(a) Uses for the purpose of obtaining money, goods, services, or anything else of value a credit or debit card obtained or retained in violation of KRS 434.570 to 434.650, or any of such sections, or a credit or debit card which he knows is forged, expired, or revoked; or

(b) Obtains money, goods, services, or anything else of value by representing without consent of the cardholder that he is the holder of a specified card or by representing that he is the holder of a card and such card has not in fact been issued ... [.]

. . . .

... is guilty of a Class A misdemeanor, if the value of all money, goods, services, or other things of value obtained in violation of this section does not exceed one hundred dollars ($100) in any six (6) month period; and is guilty of a Class D felony if such value exceeds one hundred dollars ($100) in any six (6) month period.

Jackson argues that because he was unsuccessful in obtaining the merchandise and because the penalty section of KRS 434.650 contemplates that goods were actually obtained, the Commonwealth has only proven attempted fraudulent use of a credit card pursuant to KRS 506.010.

This issue was addressed and analyzed by the Arkansas Supreme Court in *Davidson v. State*, 305 Ark. 592, 810 S.W.2d 327 (1991). We agree with the following reasoning as set forth by the Court:

Four foreign jurisdictions have wrestled with the issue of fraudulent use of a credit card where no property was obtained, with varying results. See *State v. Gonsalves*, 476 A.2d 108 (R.I.1984); *People v. Tarlton*, 91 Ill.2d 1, 61 Ill.Dec. 513, 434 N.E.2d 1110 (1982); *People v. Gibson*, 99 Ill.App.3d 616, 55 Ill.Dec. 24, 425 N.E.2d 1197 (1981); *State v. Williams*, 389 So.2d 384 (La.1980). Though the statutes involved were somewhat different than ours, the dilemma

faced by the respective courts was the same. In both *Gonsalves* and *Gibson*, the appellate courts, following jury convictions for felonies, focused on the intent of the legislature to punish fraudulent use of credit cards, regardless of whether property was obtained. Both courts affirmed the convictions by interpreting the statute expansively to include an offense for goods "sought to be obtained" by fraudulent credit card use.

The Illinois appellate court, in *People v. Tarlton*, considered the penalty for fraudulent credit card use where the defendant was unsuccessful in obtaining goods. The applicable statute, like ours, premised the offense on the value of goods obtained. It provided for a Class 4 felony, if the value was over $150, and a Class A misdemeanor, if the value was that amount or less. In reviewing a bench trial conviction for a Class 4 felony, the court considered the appellant's argument that the legislature provided no penalty where the credit card use was unsuccessful, and, therefore, the statute was unenforceable when no goods were obtained. The Illinois court rejected the argument and held that when nothing of value was obtained, the defendant was guilty of a Class A misdemeanor as if he had actually obtained goods valued at $150 or less.[1]

Lastly, the Supreme Court of Louisiana, in *State v. Williams, supra*, reviewed a jury verdict finding the appellant guilty of a felony where no credit or goods were obtained. The court resolved that there was a sufficient evidentiary basis for the jury to find the appellant guilty of an attempt to obtain credit with a stolen credit card, because it was a lesser offense included within the charged crime. The Louisiana court set aside the jury conviction and sentenced and remanded the case to the trial court to enter judgment for the

lesser offense and impose sentence accordingly.

We decline in this case to read language such as "sought to obtain property" into the criminal statute. We further are reluctant to affirm a conviction under § 5-37-207, which we have held is not applicable to the facts of this case, and then assess a penalty under the statute on the basis that because the appellant obtained no property, he should be treated as an offender who obtained property valued at $100 or less.

The reasoning we find persuasive is that employed by the court in *State v. Williams, supra*. There is no question that the appellant in the case before us tried to use a stolen credit card on two occasions for merchandise that well exceeded $100 in value. Under the state's general attempt statute, a person attempts to commit an offense if "he purposely engages in conduct that constitutes a substantial step in a course of conduct intended to culminate in the commission of an offense." Ark.Code Ann. § 5-3-201(4) (1987).

Here, by twice proffering the stolen credit card, the appellant took a substantial step toward committing the crime, which qualifies as an attempt under state law. Under such circumstances we have held that though charged with a greater offense, a defendant may be found guilty of a lesser included offense. See, e.g., *James v. State*, 280 Ark. 359, 658 S.W.2d 382 (1983) (aggravated assault is a lesser included offense of the offense charged—attempted capital murder).

*Davidson*, 810 S.W.2d at 328–329. Although the Arkansas statute is not identical to KRS 434.650, we believe that the reasoning expressed in *Davidson* compels the same result. Thus, Jackson is entitled to a new trial on attempted fraudulent use of a credit card.

---

1. In arguing that Jackson's conviction for fraudulent use of a credit card should be affirmed, the Commonwealth cited both *Gibson, supra,* and *Gonsalves, supra*. While counsel for Jackson argued that *Gibson* had been modified by *Tarlton*, *supra*, upon Shepardizing *Gibson* the Court found that it was reversed by the Illinois Supreme Court in *People v. Gibson*, 91 Ill.2d 562, 62 Ill.Dec. 181, 435 N.E.2d 1153 (1982).

Having held that Jackson is entitled to a new trial, we will not address the remaining issues raised by Jackson on appeal. The order of the Jefferson Circuit Court entered on October 4, 1995, is reversed and this matter is remanded for further proceedings in accordance with this opinion.

All concur.