**In re Elaine A. BIRD, Debtor.**

No. 01–72756.

United States Bankruptcy Court, C.D. Illinois.

May 6, 2002.

Lars Eric Ostling, Bloomington, IL, for Debtor.

Mariann Pogge, Springfield, IL, trustee.

## OPINION

LARRY L. LESSEN, Bankruptcy Judge.

The issue before the Court is whether, and to what extent, life insurance proceeds paid to the Debtor as a result of her husband's death, are exempt under 735 ILCS 5/12–1001.

On June 20, 2001, Debtor's husband passed away. In mid-July, 2001, Debtor received life insurance proceeds in the amount of $150,000. On July 13, 2001, Debtor filed her voluntary Chapter 7 petition in bankruptcy. On her Schedule B—Personal Property, Debtor listed the insurance proceeds in the amount of $150,000. On her Schedule C—Property Claimed as Exempt, Debtor claimed the entire $150,000 of insurance proceeds as exempt. Trustee Mariann Pogge subsequently objected to the claim of exemption. On August 7, 2001, Debtor filed an Amended Schedule C wherein she claimed the entire $150,000 of insurance proceeds as exempt pursuant to 735 ILCS 5/12–1001(f). On August 9, 2001, Trustee filed an Objection to Amended Claim of Exemption.

735 ILCS 5/12–1001(f) provides as follows:

§ 12–1001. Personal property exempt. The following personal property, owned by the debtor, is exempt from judgment, attachment, or distress for rent:

. . . .

(f) All proceeds payable because of the death of the insured and the aggregate net cash value of any or all life insurance and endowment policies and annuity contracts payable to a wife or husband of the insured, or to a child, parent, or other person depen-

dent upon the insured, whether the power to change the beneficiary is reserved to the insured or not and whether the insured or the insured's estate is a contingent beneficiary or not(.)

In her Objection to Amended Claim of Exemption, Trustee asserts that the insurance proceeds were not exempt because the Debtor "was not the insured as required by 735 ILCS 5/12–1001(f)."

A trial was held on December 5, 2001. The evidence, the testimony, and the arguments focused on whether and to what extent the insurance proceeds were "reasonably necessary for the support of the debtor". This is certainly a necessary area of inquiry if the Debtor were claiming an exemption under 735 ILCS 5/12–1001(h)(3), which provides as follows:

§ 12–1001. Personal property exempt. The following personal property, owned by the debtor, is exempt from judgment, attachment, or distress for rent:

. . . .

(h) The debtor's right to receive, or property that is traceable to:

. . . .

(3) a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent, to the extent reasonably necessary for the support of the debtor or a dependent of the debtor(.)

However, neither the Court nor the parties squarely addressed the applicability of 735 ILCS 5/12–1001(f) before the trial. The trial proceeded under the assumption that § 1001(h)(3) was the only hook on which Debtor could hope to hang her hat. As it turns out, everyone dropped the ball when it came to addressing the assertion that the insurance proceeds are exempt in their entirety under § 1001(f).

Judge Schmetterer has addressed the situational applicability of § 1001(f) and § 1001(h)(3)in his opinion in *In re Bateman*, 157 B.R. 635 (Bankr.N.D.Ill.1993). *Bateman* involved a Chapter 11 debtor, but the issue in *Bateman*—whether a debtor wife's interest in life insurance proceeds resulting from her husband's death were entirely exempt or merely exempt to the extent reasonably necessary for the debtor's support—is precisely the same issue before the Court in this case. In evaluating the very argument which Trustee Pogge advances in this case (that the insurance proceeds were not exempt under § 1001(f) because the Debtor was not the insured), Judge Schmetterer concluded, in this case of first impression, that the objector's argument fails because of the plain and unambiguous language of § 1001:

Section 1001(f) simply does not say what [the objector] argues. It exempts property "owned by the debtor" in two cases: first, dealing with insurance "proceeds payable [to a 'debtor'] because of death of the insured", and second where cash value in a debtor's own policy of insurance, or endowment, or annuity contract is owned by the debtor, but is payable to a family member "or other person dependent upon the insured" and creditors seek to attach that cash value before or after death of the insured.

The first clause of § 1001(f) is critical here. It exempts "all proceeds payable because of the death of the insured". . . . That clause applies on its face to Debtor and cannot possibly apply to the deceased. (How, indeed, could any deceased "debtor" own proceeds of insurance due by reason of his or her death?)

157 B.R. at 638.

Judge Schmetterer goes on to address the partial overlap between § 1001(f) and § 1001(h)(3). He states, "It must be conceded that the Illinois Legislature has not

drafted §§ 1001(f) and 1001(h)(3) in a way in which distinction between application of these provisions comes immediately to the eye." *Id.* at 638. However, he concludes that this reading of § 1001(f) "is squarely in line with the general requirement that exemptions be liberally construed in favor of debtors." *Id.* at 639.

> Conflicting interpretations can be read within § 1001. Even if [the objector's] interpretation could naturally flow from the statutory language, and even if Debtor's interpretation could find some statutory overlap or inconsistency between § 1001(f) and the narrower exemption under § 1001(h)(3), only an interpretation favorable to family members under § 1001(f) is consistent with the Illinois legislature's intent behind the enactment of § 1001 that is apparent from its wording. Indeed, § 1001(f) does expressly supply protections to spouses, children, and parents of the insured, and because § 1001(h)(3) applies to the more general category of "dependent", the express and particular intent of § 1001(f) to protect immediate family members must prevail.

*Id.*

This Court accepts the rationale and the holding in *Bateman.* Accordingly, all of the insurance proceeds payable to the Debtor as a result of her husband's death are exempt as a matter of law under 735 ILCS 5/12–1001(f), and the Trustee's Objection to Amended Claim of Exemption is denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.