**In re Lisa R. McKINNEY, Debtor.**

**No. 04–70244.**

United States Bankruptcy Court, C.D. Illinois.

Aug. 26, 2004.

Mariann Pogge, Springfield, IL, Chapter 7 Trustee.

John S. Narmont, Springfield, IL, for debtor.

## OPINION

LARRY L. LESSEN, Bankruptcy Judge.

This case is before the Court on the Trustee's Objection to Claim of Exemption filed on April 5, 2004.

Lisa R. McKinney ("Debtor") filed a voluntary Chapter 7 petition in bankruptcy on January 22, 2004. Mariann Pogge ("Trustee") was duly appointed as Chapter 7 Trustee in this case. Debtor's husband died shortly after she filed her petition. At the time of his death, Debtor's husband owned certain life insurance policies totaling in excess of $300,000. Debtor was the named beneficiary on all of said policies. Debtor has claimed an exemption in all of said insurance proceeds pursuant to 735 ILCS 5/12–1001(f). The Trustee has filed an objection to that claimed exemption on the grounds that the insurance proceeds are not necessary for the Debtor's support.

735 ILCS 5/12–1001(f) provides as follows:

§ 12–1001. Personal property exempt. The following personal property, owned by the debtor, is exempt from judgment, attachment, or distress for rent:

. . . .

(f) All proceeds payable because of the death of the insured and the aggregate net cash value of any or all life insurance and endowment policies and annuity contracts payable to a wife or husband of the insured, or to a child, parent, or other person dependent upon the insured, whether the power to change the beneficiary is reserved to the insured or not and whether the insured or the insured's

estate is a contingent beneficiary or not(.)

█ In a previous case involving the Trustee, this Court has ruled that § 1001(f) renders life insurance proceeds payable to a debtor-spouse entirely exempt, whether or not reasonably necessary for the debtor's support. *See In re Bird,* 288 B.R. 546 (Bankr.C.D.Ill.2002). The Trustee asks this Court to reconsider its ruling and reject in this case the conclusion it reached in *Bird.* In *Bird,* the Court overruled the Trustee's objection to exemption based in part on an analysis of 735 ILCS 5/12–1001(f) by Judge Schmetterer in *In re Bateman,* 157 B.R. 635 (Bankr. N.D.Ill.1993).

█ The Court has read and considered the Trustee's argument for reconsidering this issue, and the Court has re-read Judge Schmetterer's opinion in *Bateman.* The Court finds that its holding in *Bird* is sound and should be upheld in this case. Judge Schmetterer's interpretation of § 1001(f) is, in this Court's opinion, the best interpretation of a poorly-written statute. It is logical, well-reasoned, and consistent with the general requirement that exemptions be liberally construed in favor of debtors.

The crux of the Trustee's argument is that the § 1001(h)(3) is the appropriate exemption statute in this case, not § 1001(f).

Section 1001(h)(3) provides as follows:

§ 12–1001. Personal property exempt. The following personal property, owned by the debtor, is exempt from judgment, attachment, or distress for rent:

. . . .

(h) The debtor's right to receive, or property that is traceable to:

. . . .

(3) a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent, to the extent reasonably necessary for the support of the debtor or a dependent of the debtor(.)

Trustee contends that the *Bateman* court's interpretation of the exemption statutes rendered § 1001(h) virtually meaningless. Trustee asserts that § 1001(f) exempts life insurance where the Debtor is the insured and the beneficiary is a spouse or dependent of the Debtor, and that § 1001(h)(3) exempts life insurance proceeds. Hence, Trustee argues, § 1001(h)(3) is the applicable exemption statute and § 1001(h)(3) contains an explicit dependency requirement, i.e. to be exempt, the proceeds must be reasonably necessary for the support of the debtor or a dependent of the debtor.

In *Bateman,* Judge Schmetterer squarely addressed the question of why § 1001(f) applies under these facts, thereby soundly rejecting the Trustee's position. Judge Schmetterer said:

The first clause of § 1001(f) is critical here. It exempts "all proceeds payable because of the death of the insured".... That clause applies on its face to Debtor and cannot possibly apply to the deceased. (How, indeed, could any deceased "debtor" own proceeds of insurance due by reason of his or her death?)

However, § 1001(h)(3) could also be read to apply to Debtor here if she was dependent on the deceased.... Since the wording of § 1001(f) appears to overlap partially with § 1001(h)(3), how are they to be read together?

First, there are situations where § 1001(h)(3) applies exclusively. One such case is where life insurance payments have been converted to another form of property.... Therefore, the reading of § 1001(f) in this Opinion, that recognizes an exemption for life insur-

ance proceeds even when the "debtor" referred to in the statute is not the policy owner or the insured, does not render § 1001(h)(3) meaningless or void.

It must be conceded that the Illinois Legislature has not drafted §§ 1001(f) and 1001(h)(3) in a way in which distinction between application of these provisions comes immediately to the eye. However, these sections clearly encompass at least three different scenarios:

1.  Section 1001(f) exempts all insurance proceeds due to any immediate family member of the deceased insured by reason of the death of that person.

2.  Section 1001(f) also exempts entirely the "cash value" of life insurance and endowment policies and annuity contracts during the life of the insured if that cash value is payable either before or after death of the insured to a "debtor" who is an immediate family member of the insured, or is payable to a "debtor" who owns such policy or annuity and is entitled to payment during the life of the owner.

3.  Section 1001(h)(3) applies only to insurance policies, and would apply to any payment due to a general category of people who are "dependent" on the insured. This provision is so broad that it would apply to such payments either during the life of the insured (as by a loan or cash value payment) or after death, if such payment goes to any "dependent of the insured".

Yet both § 1001(f) and (h)(3) exempt life insurance proceeds payable to dependents of the insured or policy owner. This leaves the question of whether or not the family member dependent is cov-

ered of left unprotected by § 1001(f) or (h)(3). To find that family members are covered only by § 1001(h)(3) would read an internal conflict into the exemption statute and provide harsh treatment of spouses and other family members. Indeed, such a reading would bar any exemption at all of proceeds payable to non-dependent spouses, parents, and children under § 1001(h)(3), while affording full exemption to non-related dependents under § 1001(f), or at least a partial exemption as to non-family dependents under § 1001(h)(3). That reading would eliminate exemption of life insurance proceeds payable to family members even though such is clearly provided for under § 1001(f).

*Bateman, supra,* 157 B.R. *at* 638–39.

Thus, the Court finds that § 1001(f) is applicable in this case. *Bird* and *Bateman* were correctly decided, and the Court reiterates and embraces the rationale set forth therein. Accordingly, Trustee's Objection to Exemptions is overruled.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.